**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONNA MARSHALL, individually and on behalf of others similarly situated, | |
| Plaintiff, | Case No. 1:19-cv-03718 |
| v. | **Jury Trial Demanded** |
| GRUBHUB INC., | **Class Action** |
| Defendant. | |

## CLASS ACTION COMPLAINT

**Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.**

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 384 (2012) (quoting Senator Hollings, at 137 Cong. Rec. 30821-30822 (1991)).

1.      Plaintiff Donna Marshall brings this action against Grubhub Inc. ("Grubhub) for money damages to secure redress for Grubhub's nonconsensual, computerized-voice calls to her and others' cellular telephone numbers, and to enjoin future nonconsensual calls pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## INTRODUCTION

2.      In the 1980s and 90s, advancements in telephone dialing technology made reaching a large number of consumers by telephone easier and more cost-effective. This advance in technology, however, also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and

money.  As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses.  As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes….  Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3.      As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"  47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides for injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated.  47 U.S.C. § 227(b)(3).

## PARTIES

4.      Plaintiff Donna Marshall is a natural person who resides in Georgia.

5.      Defendant Grubhub Inc. is a corporation headquartered in Chicago, Illinois.

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

7.      The Court has personal jurisdiction and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Grubhub does business in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

**FACTS**

8.      Grubhub uses autodialed and prerecorded/artificial-voice calls to assist it with communicating with customers, employees, and delivery people.

9.      Grubhub has called Plaintiff's cellular telephone number dozens – or possibly even hundreds – of times, effectively preventing her from using her phone, and clogging up her voice mail. Below is a screenshot from Plaintiff's cell phone reflecting some such messages from Defendant:



10.      All or most of the calls to Plaintiff's cell phone included a robotic or prerecorded voice, and many of these calls left voice mails. Plaintiff's phone transcribed the voice mails:



11.    The equipment Grubhub used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was also programmed to sequentially or randomly access, dial, and call these stored telephone numbers. These calls were made with equipment capable of dialing numerous phone numbers in a short period of time, without human intervention, as part of an automated process that engaged such capabilities when it called Plaintiff and the class.

12.    Shortly after Plaintiff began receiving these calls, Plaintiff called Grubhub at 877-585-1085 and asked that it please stop calling. Grubhub assured Plaintiff that it would look into the matter to ensure the calls would stop. Grubhub called Plaintiff back to inform her that the problem was fixed and the calls would stop; however, the calls continued.

13.    On April 23, 2019, at approximately 12:17 P.M. Eastern Daylight Time, Plaintiff returned a call to Grubhub by calling one of the numbers on her caller ID. She spoke to a person who identified himself as Henry, and again requested that Grubhub stop calling. Nevertheless, Grubhub continued to call Plaintiff.

14.    Many of the people, including Plaintiff, to whom Grubhub made, or caused to be made, autodialed or prerecorded-voice calls, never expressly consented to receive such calls. In fact, many expressly told Grubhub *not* to call their phones, like Plaintiff.

15.    Plaintiff and the class have been damaged by these calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing

- 5 -

congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and

(b)(3), on behalf of a class consisting of:

> All persons in the United States whose cellular telephone number Grubhub called using similar dialing equipment as was used to call Plaintiff, or an artificial or prerecorded voice, where the recipient had not provided such number to Grubhub, and where such call occurred on or after the date four years prior to the filing of this action.

17.     Upon information and belief, there were more than 100 persons in the above

class.

18.     Common questions of law or fact exist as to all members of the class, which

predominate over any questions solely affecting any individual member, including Plaintiff.

Such questions common to the class include but are not limited to:

a.     Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

b.     Whether the calls to Plaintiff and the class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA and applicable FCC regulations and orders

c.     Whether Grubhub had proper consent to call the cell phone numbers of Plaintiff and the other members of the class; and

d.     Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

19. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of liability to Plaintiff and the other members of the class are the same: Grubhub violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class without permission.

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

21. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

22. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

23. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Money damages are insufficient to wrench compliance with the TCPA, as demonstrated by (1) Grubhub continuing to violate the TCPA despite having already been sued for violations thereof, and (2) Grubhub's unwillingness – or inability – to stop calling Plaintiff, despite requests to stop.

24.     Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

25.     The identity of the class is, on information and belief, readily identifiable from Defendant or its vendors' records.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

26.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

27.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…."  47 U.S.C. § 227(b)(1)(A)(iii).

28.     Grubhub initiated, or caused to be initiated, nonconsensual, non-emergency calls to the cellular telephone numbers of Plaintiff and the other members of the class using an automatic telephone dialing system that also utilized an artificial or prerecorded voice.

29.     These violations were willful or knowing.

30.     To the extent that some of the calls to Plaintiff and the class were made by vendors of Grubhub, Grubhub is liable for those calls, too.

31.     As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation.  Plaintiff and the class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

32.     Because Grubhub knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused automated calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff Donna Marshall, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the class as alleged herein;

B.     A declaration that Grubhub violated the TCPA as to Plaintiff and the class;

C.     Damages, pursuant to 47 U.S.C. § 227(b)(3);

D.     Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at preventing TCPA violations in the future, including:

1.     Requiring Grubhub to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of its outbound calls to ensure that Grubhub had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

2.     Requiring Grubhub to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded-voice calls;

E.     Attorneys' fees and costs, as permitted by law; and

F.      Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims that can be so tried.

Respectfully submitted,

Dated: June 4, 2019

DONNA MARSHALL, individually and on behalf of others similarly situated

By:  */s/ Alexander H. Burke*

Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288

James M. Feagle
Email: jfeagle@skaarandfeagle.com
Clifton Dorsen (*pro hac vice* pending)
Email: cdorsen@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, GA 30084
Telephone: (404) 373-1970

Justin T. Holcombe (*pro hac vice* pending)
Email: jholcombe@skaarandfeagle.com
Kris K. Skaar (*pro hac vice* pending)
Email: kskaar@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600

*Counsel for Plaintiff*

**<u>Document Preservation Demand</u>**

      Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

                                      _/s/ Alexander H. Burke_____