**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONNA MARSHALL, individually and on behalf of others similarly situated, | Case No. 1:19-cv-03718 |
| Plaintiff, | Judge Tharp<br>Magistrate Judge Fuentes |
| v. | **Jury Trial Demanded** |
| GRUBHUB INC., | **Class Action** |
| Defendant. | |

**AMENDED COMPLAINT**[1]

**CLASS ACTION**

> **Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.**

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 384 (2012) (quoting Senator Hollings, at 137 Cong. Rec. 30821-30822 (1991)).

1.       Plaintiff Donna Marshall brings this action against Grubhub Inc. ("Grubhub) for

money damages to secure redress for Grubhub's nonconsensual, computerized-voice calls to her

and others' cellular telephone numbers, and to enjoin future nonconsensual calls pursuant to the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**INTRODUCTION**

2.       In the 1980s and 90s, advancements in telephone dialing technology made

reaching a large number of consumers by telephone easier and more cost-effective. This advance

in technology, however, also brought with it an onslaught of unsolicited robocalls, spam text

---

[1]       This amended complaint is filed "as a matter of course" pursuant to Fed.R.Civ.P. 15(a)(1)(B), because it is being filed within 21 days of Grubhub's answer and Fed.R.Civ.P. 12 motion.

messages, and junk faxes that intrude on individual privacy and waste consumer time and

money. As a result, the federal government and numerous states have enacted legislation to

combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to
> their homes…. Banning such automated or prerecorded telephone calls to the
> home, except when the receiving party consents to receiving the call or when such
> calls are necessary in an emergency situation affecting the health and safety of the
> consumer, is the only effective means of protecting telephone consumers from this
> nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3.      As is relevant here, federal law under the TCPA prohibits "mak[ing] any call

(other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice

… to any telephone number assigned to a … cellular telephone service[.]" 47 U.S.C.

§ 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and the greater of actual damages

or $500 per violation, which can be trebled where the statute was "willfully or knowingly"

violated. 47 U.S.C. § 227(b)(3).

## PARTIES

4.      Plaintiff Donna Marshall is a natural person who resides in Georgia.

5.      Defendant Grubhub Inc. is a corporation headquartered in Chicago, Illinois.

## JURISDICTION AND VENUE

6.      This Court has federal question subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial*

*Services, Inc.*, 132 S. Ct. 740 (2012).

7.      The Court has personal jurisdiction and venue is appropriate in this District under

28 U.S.C. § 1391(a) because Grubhub does business in this District, and because a substantial

portion of the events giving rise to this cause of action occurred in this District.

## FACTS

8.      Grubhub uses autodialed and prerecorded voice calls to assist it with communicating with customers, employees, and delivery people.

9.      However, given Grubhub's reckless use of this imprecise, impersonal and velocious technology, often times such calls go to the wrong person. Such calls violate the TCPA. *Soppet v. Enhanced Recovery Co., Inc.*, 679 F.3d 637, 638 (7th Cir. 2012). What is more, as Judge Easterbrook observed, automated calls "continue until stopped by their true master." *Id.* at 639. Grubhub's calls to Plaintiff continued, even after she notified it that she wanted no more calls.

10.     Grubhub has called Plaintiff's cellular telephone number dozens – or possibly even hundreds – of times, effectively preventing her from using her phone and clogging up her voice mail. Below is a screenshot from Plaintiff's cell phone reflecting some such messages:



11.     All or most of the calls to Plaintiff's cell phone included a robotic or prerecorded

voice, and many of these calls left voice mails. Plaintiff's phone transcribed the voice mails:





12.     Grubhub's calls to Plaintiff did not concern any transaction regarding Plaintiff. The equipment Grubhub used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but also engaged this functionality to sequentially or randomly access, dial, and call these stored telephone numbers when it called Plaintiff and the class. These calls were made with equipment capable of dialing numerous phone numbers in a short period of time, without human intervention, as part of an automated process that engaged such capabilities when it called Plaintiff and the class.

13.     Shortly after Plaintiff began receiving these calls, Plaintiff called Grubhub at 877-585-1085 and asked that it to please place her on its do not call list. Grubhub called Plaintiff back to inform her that the problem was fixed and the calls would stop; however, the calls

continued.

14.     On April 23, 2019, at approximately 12:17 P.M. Eastern Daylight Time, Plaintiff returned a call to Grubhub by calling one of its numbers from her caller ID. She spoke to a person who identified himself as Henry, and again requested that Grubhub place her on its do not call list. Nevertheless, Grubhub continued to call Plaintiff using an autodialer and prerecorded messages.

15.     Many of the people, including Plaintiff, to whom Grubhub made, or caused to be made, autodialed or prerecorded-voice calls, never expressly consented to receive such calls. In fact, Plaintiff expressly told Grubhub *not* to call her phone.

16.     Grubhub knows that its autodialer sometimes calls consumers for which it knows it does not have consent to call, because it has been sued for this conduct before, as to text messages. *Amodeo v. GrubHub, Inc.*, 1:17-cv-01284 (N.D.Ill.).

17.     That Grubhub has continued automated calling to people who previously asked not to receive calls represents a business decision to favor corporate efficiency at the expense of consumer privacy.

18.     Grubhub keeps track of data that will help identify telephone numbers it had been asked not to call, but called anyway.

19.     For example, Grubhub has business records that demonstrate *both* (a) Plaintiff's request to be "put on a Do Not Call list," including recitation of the cell phone number not to be called, *and* (b) prerecorded calls to her cell phone thereafter.

20.     Alternatively, Grubhub should keep track of such data, in which case its failure to do so should not be a barrier to Plaintiff and others recovering. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 668 (7th Cir. 2015).

21.     Plaintiff and the class have been damaged by these calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the class. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and (b)(3), on behalf of a class and a subclass, consisting of:

> All persons in the United States whose cellular telephone number Grubhub called using the dialing equipment as was used to call Plaintiff, where such call occurred on or after June 4, 2015.
>
> > Plaintiff alleges a subclass of persons who Grubhub called using prerecorded messages, after a request not to receive calls.

23.     Upon information and belief, there were more than 100 persons in the above class, and subclass.

24.     Plaintiff is a member of the above-defined class and subclass.

25.     Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

> a.    Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;
>
> b.    Whether the calls to Plaintiff and the class were made using an artificial or prerecorded voice as such terms are defined or understood under the TCPA

and applicable FCC regulations and orders

    c.   Whether Grubhub had proper consent to call the cell phone numbers of
Plaintiff and the other members of the class; and

    d.   Damages, including whether any violations were performed willfully or
knowingly, such that Plaintiff and the other members of the class are entitled
to treble damages under 47 U.S.C. § 227(b)(3).

26.     Plaintiff's claims are typical of the claims of the other members of the class. The
factual and legal bases of liability to Plaintiff and the other members of the class are the same:
Grubhub violated the TCPA by causing automated calls to be made to the cellular telephone
number of each member of the class without permission.

27.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has
no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing
her claims vigorously, and she has retained counsel competent and experienced in class and
complex litigation, including with regards to the claims alleged herein.

28.     Class action treatment is superior to the alternatives for the fair and efficient
adjudication of the controversy alleged herein. Such treatment will permit a large number of
similarly situated persons to prosecute their common claims in a single forum simultaneously,
efficiently, and without the duplication of effort and expense that numerous individual action
would entail. There are, on information and belief, thousands of class members, such that
joinder of all members is impracticable.

29.     No difficulties are likely to be encountered in the management of this action that
would preclude its maintenance as a class action, and no superior alternative exists for the fair
and efficient adjudication of this controversy.

30.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Money damages are insufficient to wrench compliance with the TCPA, as demonstrated by (1) Grubhub continuing to violate the TCPA despite having already been sued for violations thereof, and (2) Grubhub's unwillingness – or inability – to stop calling Plaintiff, despite requests to stop.

31.     Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

32.     The identity of the class is, on information and belief, readily identifiable from Defendant or its vendors' records.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

33.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…."  47 U.S.C. § 227(b)(1)(A)(iii).

35.     Grubhub initiated, or caused to be initiated, nonconsensual, non-emergency calls to the cellular telephone numbers of Plaintiff and the other members of the class using an automatic telephone dialing system that also utilized an artificial or prerecorded voice.

36.     These violations were willful or knowing.

37.     To the extent that some of the calls to Plaintiff and the class were made by vendors of Grubhub, Grubhub is liable for those calls, too.

38.     As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in damages for each violation.  Plaintiff and the class are also entitled to an injunction against future calls.  47 U.S.C. § 227(b)(3).

39.     Because Grubhub knew or should have known that Plaintiff and the other members of the class had not given prior express consent to receive its automated calls to their cell phones—and/or willfully caused automated calls to be made to the cell phones of Plaintiff and the other members of the class without prior express consent—the Court should treble the amount of statutory damages available to Plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

40.     Grubhub has been sued for this conduct under the TCPA before, but has not altered its business practices sufficiently to prevent future violations. Injunctive relief is therefore necessary to wrench compliance.

41.     It would be easy for Grubhub to stop invading people's privacy as complained of here, for example, by using human beings rather than computers and prerecorded messages for calls. Grubhub could also help mitigate the risk of such violations by including an IVR opt out message in its prerecorded messages. Moreover, the public interest would be well-served if this recidivist TCPA-violator were to cease these calls that interrupt people's personal and business lives by uncontrollably seizing control of their cell phones.

WHEREFORE, Plaintiff Donna Marshall, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

- 10 -

A.    Certification of the class as alleged herein;

B.    A declaration that Grubhub violated the TCPA as to Plaintiff and the class;

C.    Damages, pursuant to 47 U.S.C. § 227(b)(3);

D.    Injunctive relief, pursuant to 47 U.S.C. § 227(b)(3), aimed at preventing TCPA violations in the future, including:

1.    Requiring Grubhub to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of its outbound calls to ensure that Grubhub had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

2.    Requiring Grubhub to include an automated IVR opt-out mechanism at the beginning of any and all prerecorded-voice calls;

E.    Attorneys' fees and costs, as permitted by law; and

F.    Such other or further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury on all claims that can be so tried.

Respectfully submitted,

Dated: September 11, 2019

DONNA MARSHALL, individually and on behalf of others similarly situated

By: _/s/ Alexander H. Burke_

Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch

- 11 -

Email: dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288

James M. Feagle
Email: jfeagle@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, GA 30084
Telephone: (404) 373-1970

Justin T. Holcombe
Email: jholcombe@skaarandfeagle.com
SKAAR & FEAGLE, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone: (770) 427-5600

*Counsel for Plaintiff*

**<u>Document Preservation Demand</u>**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

_/s/ Alexander H. Burke_

- 13 -