UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA MARSHALL,<br><br>      *Plaintiff*,<br><br>  v.<br><br>GRUBHUB INC.,<br><br>      *Defendant*. | **Civil Action No. 19-cv-03718**<br><br>**The Honorable John J. Tharp, Jr.** |

### GRUBHUB INC.'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant Grubhub Inc. ("Grubhub") respectfully moves this Court for an order dismissing Plaintiff's First Amended Complaint (Dkt. No. 24) with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff alleges that Grubhub placed calls to her cell phone in 2019 in purported violation of Section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). On July 6, 2020, the Supreme Court held that this provision of the TCPA was unconstitutional from 2015 through July 6, 2020, because it imposed impermissible content-based speech restrictions. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020). Because courts lack subject matter jurisdiction to enforce a violation of an unconstitutional statutory provision, this Court should dismiss Plaintiff's First Amended Complaint with prejudice. In support of its motion, Grubhub files the accompanying Memorandum of Law, which is incorporated herein.

WHEREFORE, Grubhub respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice and order all such other relief as may be just and proper.

| | |
|---|---|
| Dated: January 19, 2021 | */s/ William J. Cadigan* <br> William J. Cadigan <br> LAW OFFICE OF WILLIAM J. CADIGAN, P.C. <br> 33 N. Dearborn St., Suite 2350 <br> Chicago, IL 60602 <br> Telephone: 312-207-0222 <br> wcadigan@cadiganlaw.net <br><br> Meredith C. Slawe (*pro hac vice*) <br> COZEN O'CONNOR <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, PA 19103 <br> Telephone: 215-665-2000 <br> mslawe@cozen.com <br><br> *Counsel for Defendant Grubhub Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I electronically filed Grubhub Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction using the CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ William J. Cadigan*
William J. Cadigan

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA MARSHALL,<br><br>                *Plaintiff*,<br><br>v.<br><br>GRUBHUB INC.,<br><br>                *Defendant*. | **Civil Action No. 19-cv-03718**<br><br>**The Honorable John J. Tharp, Jr.** |

**MEMORANDUM OF LAW IN SUPPORT OF GRUBHUB INC.'S
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

William J. Cadigan
LAW OFFICE OF WILLIAM J. CADIGAN, P.C.
33 N. Dearborn St., Suite 2350
Chicago, IL 60602
Telephone: 312-207-0222
wcadigan@cadiganlaw.net

Meredith C. Slawe (*pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2000
mslawe@cozen.com

*Counsel for Defendant Grubhub Inc.*

Defendant Grubhub Inc. ("Grubhub") hereby submits this Memorandum of Law in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (the "Motion"). For the reasons set forth below, Grubhub respectfully requests that the Court dismiss Plaintiff's First Amended Complaint ("FAC") with prejudice.[1]

## I. INTRODUCTION

Plaintiff asserts a single claim against Grubhub under Section 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). She claims that this provision was violated in 2019 because she allegedly received calls to her cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice message without the requisite consent. FAC ¶¶ 10–14, 34–35. On July 6, 2020, the United States Supreme Court held that Section 227(b)(1)(A)(iii) was unconstitutional from 2015 through that date. *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020). The Supreme Court concluded that Section 227(b)(1)(A)(iii) violated the First Amendment during this time period because it contained impermissible content-based speech restrictions. From 2015 until July 6, 2020, the provision permitted speech relating to the collection of government-guaranteed debt ("government-debt exception") but prohibited other kinds of speech. Because the plaintiffs in *Barr* sought only prospective declaratory relief, the Supreme Court granted such relief only. The Supreme Court severed the government-debt exception from Section 227(b)(1)(A)(iii) as of the date of its decision, thereby rendering the automated call provision constitutional *going forward*. Yet, of necessity, the Supreme Court declared Section 227(b)(1)(A)(iii) to have been unconstitutional from 2015, when Congress added the government-debt exception, through July 6, 2020. Because

---

[1] Currently pending before the Court are Grubhub's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 31) and Grubhub's Renewed Motion to Strike the Class Allegations (Dkt. No. 32).

Plaintiff's claim rests exclusively on a section of the TCPA during a time when it was unconstitutional, her claim cannot proceed. Because courts lack jurisdiction to enforce unconstitutional statutory provisions, this Court should dismiss the FAC.

Following the *Barr* decision, three district courts have dismissed claims for alleged violations of Section 227(b)(1)(A)(iii) during the period that the Supreme Court declared it unconstitutional. *See Lindenbaum v. Realgy, LLC*, --- F. Supp. 3d ---, No. 19-2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020); *Creasy v. Charter Commc'ns, Inc.*, --- F. Supp. 3d ---, No. 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020); *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, --- F.Supp.3d ----, No. 20-38, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020).

The *Lindenbaum* court based its decision upon a principle that applies equally to this action. The court determined that the Supreme Court's severance remedy in *Barr*, which was tailored to the relief requested by the plaintiffs in that case, did not remedy Section 227(b)(1)(A)(iii)'s harm to parties who spoke under its unconstitutional prohibitions in the past:

> [I]n our case, severance of the content-based restriction does not offer a "remedy" to correct *past* harm. Here, defendants do not seek the right to speak, having already done so. They seek the right to be free from punishment for speaking during a time when an unconstitutional content-based restriction existed. A forward-looking fix offers no remedy for this past wrong.

2020 WL 6361915, at *6. The court granted the appropriate remedy of dismissing the claims under Section 227(b)(1)(A)(iii) for lack of subject matter jurisdiction: "The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter." *Id.* at *7.

Similarly, the *Creasy* court emphasized that it could not hold parties who could not speak liable under a statutory provision that wrongly allowed others to speak:

2

> [T]hat wrong was experienced by [the defendant] and all other robocallers (or would-be robocallers) whose constitutionally protected speech was outlawed while Congress affirmatively blessed robocalls of other content in violation of the First Amendment.

2020 WL 5761117, at *6. The *Creasy* court likewise dismissed plaintiffs' claim for purported violations under Section 227(b)(1)(A)(iii) that were alleged to have occurred before July 6, 2020 for lack of subject matter jurisdiction: "[T]he unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to [the defendant] at the time of the challenged communications at issue, and that fact deprives the Court of subject matter jurisdiction to adjudicate [the defendant's] liability with regard to such communications." *Id.*

Most recently, the *Hussain* court joined the reasoning of the *Lindenbaum* and *Creasy* courts and dismissed claims under Section 227(b)(1)(A)(iii) for lack of subject matter jurisdiction:

> The 2015 amendment, adding the government-debt exception, changed an otherwise valid statute to an unconstitutional content-based restriction. Thus, at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction. Because the Court is without authority to enforce an unconstitutional statute, the Court lacks subject matter jurisdiction over this action.

*Hussain*, 2020 WL 7346536, at *3 (citing *Barr*, 140 S. Ct. at 2347–48). The court concluded that "'once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations.'" *Id.* (quoting *United States v. Baucum*, 80 F.3d 539, 540–41 (D.C. Cir. 1996) (per curiam)).

The same result is warranted here. Plaintiff's single count purports to assert a claim under Section 227(b)(1)(A)(iii) of the TCPA when it unconstitutionally discriminated against speech based on content. This Court should follow the reasoning of the courts in *Lindenbaum*, *Creasy*, and *Hussain* and dismiss the FAC for lack of subject matter jurisdiction.

3

## II. ARGUMENT

### A. Legal Standard for a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

In evaluating a challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must first determine whether a "factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A "facial challenge" argues that the plaintiff "has not sufficiently 'alleged a basis of subject matter jurisdiction,'" and requires the Court to "accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* (citation omitted). A "factual challenge" by contrast "contends that 'there is *in fact* no subject matter jurisdiction,'" and permits the Court to look beyond the pleadings. *Id.* (citation omitted). Regardless of the type of challenge raised, "when a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue." *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014).

Grubhub's Motion raises a facial challenge because the FAC only seeks relief for violations of Section 227(b)(1)(A)(iii) when it was unconstitutional. *See Silha*, 807 F.3d at 175 (dismissing action on facial challenge as "Plaintiffs' well-pleaded allegations . . . do not plausibly support a claim of subject matter jurisdiction"). The lack of subject matter jurisdiction over Plaintiff's claim rests on the longstanding principle that, "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1879); *Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (holding that a sentence imposed under an unconstitutional law is void because the state has no authority to impose it). "Of particular significance here is the timeless principle that 'an unconstitutional law is void, and is as no law.'" *Creasy*, 2020 WL 5761117, at *3 (quoting *Siebold*, 100 U.S. at 376 (also holding that "[a]n offence created by [an unconstitutional law] is not a crime")); *Reynoldsville Casket Co. v. Hyde*, 514 U.S.

4

749, 760 (1995) (Scalia, J., concurring) ("[W]hat a court does with regard to an unconstitutional law is simply to ignore it. It decides the case '*disregarding the [unconstitutional] law*,' because a law repugnant to the Constitution 'is void, and is as no law.'" (emphasis in original) (quoting *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178, (1803); *Siebold*, 100 U.S. at 376)); *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011) ("In a facial challenge like this one, the claimed constitutional violation inheres in the terms of the statute, not its application. . . [A] successful facial attack means the statute is wholly invalid and cannot be applied to anyone."). "[A] speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion." *Creasy*, 2020 WL 5761117, at *3 (citing *Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972) (holding that, as to an invalid time-place-manner restriction, determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech)). In sum, "once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)." *Baucum*, 80 F.3d at 540–41.

**B.** **The First Amended Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Because Plaintiff Seeks to Enforce a Provision of the TCPA During the Time When It Was Unconstitutional**

    **1.** **The *Barr* Court Held Section 227(b)(1)(A)(iii) Unconstitutional During the Relevant Time Period**

In *Barr*, the Supreme Court ruled that Congress's 2015 addition of the government-debt exception to Section 227(b)(1)(A)(iii) of the TCPA rendered the entire section unconstitutional because it restricted speech on the basis of content. 140 S. Ct. at 2345 n.2; *see also id.* at 2343 (holding that Section 227(b)(1)(A)(iii) "impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment"). The Supreme Court explained

5

that Section 227(b)(1)(A)(iii) could not survive strict scrutiny of the content-based restriction on speech:

> In short, the robocall restriction with the government-debt exception is content-based. Under the Court's precedents, a "law that is content based" is "subject to strict scrutiny." The Government concedes that it cannot satisfy strict scrutiny to justify the government-debt exception. We agree.

*Id.* at 2347 (internal citation omitted); *see also Lindenbaum*, 2020 WL 6361915, at *2 (noting that at least five Justices in *Barr* agreed Section 227(b)(1)(A)(iii) "failed either strict or intermediate scrutiny," rendering it unconstitutional). While the Court's opinion in *Barr* was fractured, with multiple concurrences and dissents, a majority of the Court, six Justices (Justices Alito, Gorsuch, Kavanaugh, Roberts, Sotomayor, and Thomas) agreed that Section 227(b)(1)(A)(iii), as it existed from 2015 through July 2020, was unconstitutional. That holding is binding. *Creasy*, 2020 WL 5761117, at *4 ("Without exception, federal district courts are bound by Supreme Court precedent.").

As a remedy, the Supreme Court severed the government-debt exception, thereby eliminating the unconstitutional speech restrictions. 140 S. Ct. at 2356. That remedy was appropriate because the plaintiffs only sought declaratory relief as to future application of the statute. *Id.* at 2345. As the *Lindenbaum* court recognized, the plaintiffs in *Barr* were seeking "the right to speak going forward." 2020 WL 6361915, at *6. Accordingly, as the *Lindenbaum* court also recognized, while the *Barr* Court held Section 227(b)(1)(A)(iii) to have been unconstitutional as it existed from 2015 to 2020, it did not have before it the question of how the application of Section 227(b)(1)(A)(iii) was to be addressed retroactively. *Id.* at *5; *see also Hussain*, 2020 WL 7346536, at *3 (agreeing that "Court's severance of the government-debt exception applies prospectively" only).

6

Importantly, the Supreme Court did not grant certiorari in *Barr* to determine whether Section 227(b)(1)(A)(iii) could be enforced for alleged violations when it was unconstitutional. Instead, the Court granted certiorari to address two forward-looking questions: "[1] Whether the government-debt exception to the TCPA's automated-call restriction violates the First Amendment, and [2] whether the proper remedy for any constitutional violation is to sever the exception from the remainder of the statute." Question Presented Report, *Barr*, No. 19-631, *available at* https://www.supremecourt.gov/docket/docketfiles/html/qp/19-00631qp.pdf (last visited Dec. 20, 2020). Accordingly, given the limitations presented by the litigants before it, the Court decided to sever the government debt exception for future application of the statute, rather than invalidate the entire statute, though only three Justices (Justices Kavanaugh, Roberts, and Alito) joined in the plurality's rationale for severance. *Barr*, 140 S. Ct. at 2352–54.

**2.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim**

Unlike in *Barr*, this Court is confronted with the retroactive application of Section 227(b)(1)(A)(iii). And it does so against the backdrop of *Barr*'s holding that Section 227(b)(1)(A)(iii) was unconstitutional during the time that Plaintiff claims Grubhub violated it. *See Barr*, 140 S. Ct. at 2343 ("Six Members of the Court . . . conclude that Congress ha[d] impermissibly favored debt-collection speech over political and other speech, in violation of the First Amendment."); *Creasy*, 2020 WL 5761117, at *4 (noting the six-Justice *Barr* majority held that Section 227(b)(1)(A)(iii) was unconstitutional). As the *Creasy* court concluded, the provision was unconstitutional *and unenforceable* for alleged violations that occurred between 2015 and July 6, 2020:

> [T]he Court indeed lacks subject matter jurisdiction over each of the supposed § 227(b)(1)(A)(iii) violations the plaintiffs allege to have occurred before the Supreme Court restored the constitutional muster of § 227(b)(1)(A)(iii) by severing the government-debt exception in [*Barr*].

7

*Creasy*, 2020 WL 5761117, at *4; *see also Hussain*, 2020 WL 7346536, at *3 (dismissing for lack of subject matter jurisdiction because "at the time Defendants engaged in the speech at issue in this case, Defendants were subject to an unconstitutional content-based restriction").

In short, the Supreme Court's holding that Section 227(b)(1)(A)(iii) was unconstitutional before it severed the government-debt exception resolves Plaintiff's claim. Nothing can alter the fact that some were subjected to an unconstitutional restriction on the content of their speech while others were allowed to engage in speech containing preferred content. Parties subjected to such a speech restriction were wronged:

> A remedy is only necessary where there has first been a "wrong." In this context, that wrong was experienced by [the defendant to a Section 227(b)(1)(A)(iii) claim] and all other robocallers (or would-be robocallers) whose constitutionally protected speech was outlawed while Congress affirmatively blessed robocalls of other content in violation of the First Amendment.

*Creasy*, 2020 WL 5761117, at *6. Neither Plaintiff nor any court can make the unconstitutional restriction and its past effects disappear:

> [T]he fact remains that at the time defendants engaged in the speech at issue, defendant was subject to an unconstitutional content-based restriction. The Court cannot wave a magic wand and make that constitutional violation disappear. Because the statute at issue was unconstitutional at the time of the alleged violations, this Court lacks jurisdiction over this matter.

*Lindenbaum*, 2020 WL 6361915, at *7 (footnote omitted).

These holdings are consistent with a host of precedent, both civil and criminal, stating that a court does not have jurisdiction to hear a claim for the violation of an unconstitutional law. *Montgomery*, 136 S. Ct. at 723, 731 (holding that "an unconstitutional law is void, and is as no law" regardless of whether a "prisoner's sentence became final before the law was held unconstitutional"); *Siebold*, 100 U.S. at 376–77 (holding that the violation of an unconstitutional law is "not merely erroneous, but is illegal and void, and . . . [bestows upon] the Circuit Court . . . no jurisdiction of the causes"); *Sessions v. Morales-Santana*, 137 S. Ct. 1678, 1699 n.24

8

(2017) (noting that a "defendant convicted under a law classifying on an impermissible basis may assail his conviction without regard to the manner in which the legislature might subsequently cure the infirmity"); *Reynoldsville Casket*, 514 U.S. at 759–60 (Scalia, J., concurring) (noting that a court may not "give a 'remedy' for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable 'wrong'" (citing *Marbury*, 5 U.S. at 178)); *Grayned*, 408 U.S. at 107 n.2 (noting that the relevant inquiry in a constitutional challenge to a content-based speech restriction is "the facial constitutionality of the ordinance in effect when [the defendant] was arrested and convicted"); *Baucum*, 80 F.3d at 541–42 (holding federal courts lacked jurisdiction to enforce violations of an unconstitutional statute); *Waldron v. United States*, 146 F.2d 145, 147–48 (6th Cir. 1944) (holding "court was without jurisdiction to enter the judgment" against a criminal defendant based on violation of an unconstitutional statute); *Geft Outdoor LLC v. Consol. City of Indianapolis & Cty. of Marion, Indiana*, 187 F. Supp. 3d 1002, 1012 (S.D. Ind. 2016) ("A party derives no rights based on an unconstitutional statute; '[a]n unconstitutional law is void, and is as no law.'" (quoting *Montgomery*, 136 S. Ct. at 731)).

Accordingly, Plaintiff's sole claim under Section 227(b)(1)(A)(iii) of the TCPA should be dismissed for lack of subject matter jurisdiction. *See Ezell*, 651 F.3d at 698 ("[A] successful facial attack means the [unconstitutional] statute is wholly invalid and cannot be applied to anyone.").

### 3. The *Dicta* in a *Barr* Opinion Footnote Does Not Save Plaintiff's Claim

Justice Kavanaugh, in a footnote on a topic not before the Court and joined by only two other Justices, stated that no one should be penalized retrospectively for prior calls regarding government debt now that the Court prospectively severed the government-debt exception and, separately, that the Court's decision does not negate the liability of those who previously made calls that violated the non-severed, unconstitutional version of Section 227(b)(1)(A)(iii):

9

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. *On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction.*

*Barr*, 140 S. Ct. at 2355 n.12 (emphasis added).

The last sentence of this footnote is, at best, vague. The only reasonable interpretation is that it recognizes that the Court's decision does not reverse liability *previously adjudicated* against a party. It certainly could not indicate that the unconstitutional statute could somehow be applied in the future to find violations of its past unconstitutional terms. In fact, a week earlier, the same three Justices wrote a plurality opinion showing that they understood that declaring a portion of a statute unconstitutional and using the remedy of prospective severance nullified application of the statute retrospectively. In *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), those Justices severed a portion of the Consumer Protection Act because it unconstitutionally established a director whom the President could not terminate at will. *Id.* at 2208–09. Recognizing that declaring the statute unconstitutional as a basis for the Court's prospective remedy would nullify past actions taken by the director, the Justices remanded the case to the district court to determine whether those past actions could otherwise be saved—not nullified—by subsequent ratification. *Id.* Accordingly, a week later, when issuing the *Barr* opinion, the same three Justices understood that declaring Section 227(b)(1)(A)(iii) unconstitutional, while only prospectively severing its government-debt exception, would nonetheless retrospectively nullify *unadjudicated* claims that a party violated Section 227(b)(1)(A)(iii)'s previous unconstitutional terms.

Regardless, the last sentence of the footnote is *dictum* endorsed by only three Justices. Given that the *Barr* Court remedied only the prospective application of Section 227(b)(1)(A)(iii), it had no case or controversy before it regarding the retrospective application of the

10

unconstitutional statute. Accordingly, the *Lindenbaum*, *Creasy*, and *Hussain* courts recognized this footnote as mere "passing Supreme Court *dicta* of no precedential force." *Lindenbaum*, 2020 WL 6361915, at *5; *Creasy*, 2020 WL 5761117, at *2; *see also Hussain*, 2020 WL 7346536, at *3 (agreeing footnote twelve is "non-binding *obitur dictum*"). The *Lindenbaum* court further explained that there is "little, if any, support" for the notion of severing the government-debt exception "retroactively so as to erase the existence of the exception" and somehow render Section 227(b)(1)(A)(iii) constitutional in the past. *Lindenbaum*, 2020 WL 6361915, at *5. All three courts held that they lacked subject matter jurisdiction to hear claims that the defendants violated Section 227(b)(1)(A)(iii) while it was unconstitutional. *Id.* at *7–8; *Creasy*, 2020 WL 5761117, at *6; *Hussain*, 2020 WL 7346536, at *3. The same rationale applies here, and this Court should dismiss Plaintiff's FAC for lack of subject matter jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that this Court dismiss Plaintiff's First Amended Complaint.

Dated: January 19, 2021

Respectfully submitted,

/s/ William J. Cadigan
William J. Cadigan
LAW OFFICE OF WILLIAM J. CADIGAN, P.C.
33 N. Dearborn St., Suite 2350
Chicago, IL 60602
Telephone: 312-207-0222
wcadigan@cadiganlaw.net

Meredith C. Slawe (*pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2000
mslawe@cozen.com

*Counsel for Defendant Grubhub Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2021, I electronically filed the Memorandum of Law in Support of Grubhub Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction using the CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ William J. Cadigan*
William J. Cadigan