**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA MARSHALL, individually and on behalf of others similarly situated, | ) ) | Case No. 1:19-cv-3718 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRUBHUB INC., | ) | Hon. Judge John J. Tharp, Jr. |
| Defendant. | ) | Hon. Mag. Judge Gabriel Fuentes |

**<u>JOINT STATUS REPORT</u>**

Plaintiff Donna Marshall and Defendant Grubhub Inc. ("Grubhub") respectfully submit this Joint Status Report pursuant to the Court's order of January 6, 2022, Dkt. No. 82, and state as follows:

1.     **Description of Claims and Relief Sought.**

   a.     **Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction.**

<u>Plaintiff's Position</u>

No party disputes that the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under federal law.

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), prohibits companies like Grubhub from calling cellular telephones using prerecorded messages, unless they have prior express consent of the subscriber who received the call. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640-41 (7th Cir. 2012). The caller's subjective intent as to who it intended to call is irrelevant; calls to "wrong numbers" invade call recipients' privacy and are actionable.

The Amended Complaint alleges that Grubhub made nonconsensual, prerecorded-voice

calls to Plaintiff and others' cell phones. The class excludes persons who did not provide their cell numbers to Grubhub[1] in connection with its calls, which includes calls to "wrong number" call recipients. Companies that elect to use automated technology to make millions of robocalls assume the risk of violating the TCPA for phone numbers that are incorrect.

<u>Defendant's Position</u>

Plaintiff's Amended Complaint asserts a single count under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff alleges that she received transactional calls on her cellular phone without her consent in violation of Section 227(b) of the TCPA. These calls were intended for a Grubhub restaurant partner and were related to order confirmations and restaurant hours as part of routine business communications. Am. Compl. ¶ 11, Dkt. No. 24. Plaintiff seeks to represent a class of "[a]ll persons in the United States whose cellular telephone number Grubhub called using the dialing equipment as was used to call Plaintiff, where such call occurred on or after June 4, 2015." *Id.* ¶ 22. She also asserts her claim on behalf of a proposed "subclass of persons who Grubhub called using prerecorded messages, after a request not to receive calls." *Id.*

Restaurant partners provide Grubhub with their business telephone numbers for the purpose of receiving routine communications from Grubhub in connection with their business

---

[1] Providing one's cell number to a company constitutes "prior express consent" to receive calls concerning the subject matter of that transaction. *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 3835089, at *4 (N.D.Ill. Sept 4, 2012) (Tharp, J.). It is undisputed that Plaintiff never provided her cellular telephone number to Grubhub in connection with any business-to-business transaction like Grubhub describes below. Instead, Grubhub's calls were intended for a restaurant in Georgia, rather than Plaintiff.

There is no duty to mitigate damages in a TCPA case. *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 761, 762 (N.D.Ill. 2011). Nevertheless, it is undisputed that Plaintiff called Grubhub and point-blank asked Grubhub "to put me on a do not call list" and dictated her cellular telephone number to the Grubhub employee. Whomever answered Plaintiff's phone call at Grubhub was unable to process – or perhaps comprehend - Plaintiff's request, and Plaintiff hung up when he put her on hold. Grubhub's suggestions that Plaintiff did something untoward in hanging up the phone when the operator placed her on hold is irrelevant background noise.

2

relationships. They directly provide Grubhub with telephone numbers that they designate as their preferred contact numbers for such communications. These calls are all transactional/ informational in nature. Since the filing of Plaintiff's initial complaint on June 4, 2019, Grubhub has repeatedly informed Plaintiff's counsel that one of its restaurant partners had affirmatively provided Plaintiff's telephone number—(xxx) **3**58-xxxx—as its preferred contact telephone number for the purpose of receiving these communications. In doing so, **a single digit error** was made. The restaurant's correct landline business phone number is: (xxx) **4**58-xxxx. This case— which Plaintiff's counsel seeks to litigate as a broad national class action—is predicated on an inadvertent and isolated error made in connection with one digit of a business's telephone number that was unknown to Grubhub. The scope of discovery currently pursued by Plaintiff is overly broad, ill-suited and disproportionate to the facts of the case, places an undue burden on Grubhub, and will waste the time and resources of this Court.

Plaintiff alleges that shortly after receiving informational calls intended for Grubhub's restaurant partner, she called Grubhub and "asked that it to [sic] please place her on its do not call list."[2] Am. Compl. ¶ 13. She then alleged that on April 23, 2019, she called Grubhub and "spoke to a person who identified himself as Henry, and again requested that Grubhub place her on its do not call list." *Id.* ¶ 14. But Grubhub's business records contradict these allegations. They reflect that Plaintiff called Grubhub on March 6, 2019 and March 10, 2019 for unknown reasons, and she chose to terminate both calls before they were ever answered by any individual. Those calls did not result in any substantive communication between Plaintiff and Grubhub. On April 23, 2019, Grubhub's business records reflect that Plaintiff placed another call to Grubhub. During that call,

---

[2]     The TCPA's Do-not-call ("DNC") provisions and implementing regulations only apply to telemarketing calls. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d). They are not relevant to informational/transactional calls such as the ones Plaintiff alleges here.

she (for the first time) reached a Grubhub representative who offered to connect Plaintiff with the appropriate department to assist in addressing her concern regarding these phone calls. Plaintiff agreed to be transferred for the purpose of having her issue addressed, but she elected to terminate the call prematurely before that transfer was completed. As the result of Plaintiff's actions, Grubhub was unable to address Plaintiff's concern at the earliest possible time. In response to Grubhub's discovery requests, Plaintiff has now conceded that she chose to end the April 23, 2019 call before she was transferred to the appropriate party to have her issue addressed. Had Plaintiff not prematurely terminated this call, subsequent calls would have been avoided.

Grubhub places these expected informational/transactional calls exclusively to its restaurant partners at the phone numbers they specifically designate as part of their business relationships. Instead of focusing on her isolated and unique experience that was based on an inadvertent and isolated mistake, Plaintiff seeks irrelevant overbroad "class discovery" relating to all "prerecorded and artificial voice calls" allegedly made by Grubhub.

The proposed class definitions that form the basis of Plaintiff's expansive discovery requests are:

> All persons in the United States whose cellular telephone number Grubhub called using the dialing equipment as was used to call Plaintiff, where such call occurred on or after June 4, 2015.

> [A] subclass of persons who Grubhub called using prerecorded messages, after a request not to receive calls.

Am. Compl. ¶ 22. As evidenced from the face of these proposed class definitions, they include ALL of Grubhub's restaurant partners that affirmatively provide their preferred business telephone numbers to Grubhub for the purpose of receiving these calls. Thus, the proposed classes expressly contain parties that provide prior express consent under the TCPA to receive these communications. *See Williams v. Cap. One Bank (USA), N.A.*, 682 F. App'x 467, 468 (7th Cir.

2017) (holding the provision of cell phone number constitutes prior express consent); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1124 (11th Cir. 2014) (same).[3] These calls are specifically invited by these restaurant partners and are not actionable. Moreover, Plaintiff's purported subclass is pled without any foundation and the facts pertaining to Plaintiff reflect she is not a member of it in any event.

In addition, Grubhub's restaurant partners are parties to arbitration agreements and class action waivers with Grubhub that require them to address their disputes with Grubhub in individual arbitration proceedings. Courts, including in this district, do not allow putative class members that have entered into arbitration agreements and class action waivers to participate in the class. *See, e.g.*, *Santangelo v. Comcast Corp.*, No. 15-0293, 2017 WL 6039903, at *4 (N.D. Ill. Dec. 6, 2017).[4] Discovery should be limited accordingly.

Grubhub's restaurant partners are not similarly situated to Plaintiff. This is the precise situation that Rule 26's proportionality limits were meant to address. *See* Fed. R. Civ. P. 26 advisory committee's note (2015) (noting that the 2015 amendment was intended to "restore[] the proportionality factors to their original place . . . 'to deal with the problem of overdiscovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. . . . [and] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse.'" (quoting Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment)). Rule 26(b)(1) instructs courts to evaluate, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

---

[3]     In *Thrasher-Lyon*, the court found that the plaintiff, unlike here, "did not voluntarily provide her number to [the defendant] in the first instance." 2012 WL 3835089, at *4.
[4]     To the extent that this Court deems it appropriate, Grubhub would welcome the opportunity to brief this issue. Grubhub has repeatedly raised arbitration before this filing. *See* Dkt. Nos. 17, 79.

outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under any reading of Rule 26 and the Court's Standing Order for Civil Cases, discovery relating to communications with Grubhub's restaurant partners falls well outside the boundaries of appropriate discovery.

Plaintiff also seeks overly broad discovery relating to all purported "wrong number" calls or calls made to someone who previously asked not to be called (which is not Plaintiff's own experience). Importantly, all of the calls at issue in this case involved transactional calls to a restaurant partner. Grubhub does not initiate telephone calls to consumers. It only places case-specific calls to consumers in direct response to specific consumer-initiated outreach. Grubhub conducted a reasonable search for any other calls intended for a restaurant partner that were made to an incorrect number. **Grubhub located only the calls made to Plaintiff's phone number.** Grubhub has been forthcoming from the outset of this action as to all of these relevant facts. Plaintiff's refusal to acknowledge the facts and meaningfully engage has already compelled the parties and this Court to devote unnecessary resources to this matter.

> **b.**      **State the relief sought, including an itemization of damages.**

Plaintiff seeks injunctive relief and maximum damages available under the TCPA on behalf of herself and the class.

## 2.      Referral Cases.

On September 27, 2021, Judge Tharp referred this matter to Magistrate Judge Fuentes "for all discovery-related matters and for any settlement conference the parties may jointly seek to conduct." Dkt. No. 74.

3.      **Discovery Schedule.**

<u>Plaintiff's Position</u>

Plaintiff generally anticipates obtaining Plaintiff-specific discovery and discovery on the size and nature of the proposed class and calling at issue, other evidence pertinent to class certification, indicia of knowledge or willfulness on the part of Grubhub or its agent(s), policies, practices, and procedures, and Grubhub's defenses.

Plaintiff objects to Grubhub's suggestion that discovery should be bifurcated. Judge Tharp has already rejected Grubhub's motion to strike class allegations, finding that common class issues "may be able to be resolved in one stroke following discovery." *Marshall v. Grubhub Inc.*, 2021 WL 4401496, at *7 (N.D.Ill. Sept. 27, 2021). Indeed, Grubhub's refusal to engage in discovery means that the case is essentially in the same posture as it was in September when the District Court observed that "[t]heory is all Grubhub provides here" in support of its contention that this case should not be a class action. "Without the benefit of class certification discovery, Grubhub has no evidence to support its contention that class members consented to receiving calls and that Marshall has no method of determining consent on a class-wide basis." *Id.* at *8. Nothing in the case has changed since this ruling: Plaintiff still needs class-wide discovery to prove her case.

Bifurcation tends to generate litigation and disputes, rather than streamline them; particularly in a TCPA case where class and individual discovery overlap. There is no evidence that Grubhub "singled plaintiff out" or treated her any differently than anyone else. Instead, Plaintiff's experience was the product of Grubhub's robocalling and consent policies, practices and procedures.[5] Discovery as to these common issues, as well as Grubhub's degree of knowledge

---

[5]      Plaintiff objects to Grubhub raising arbitration in this filing. One would think that if arbitration were such an essential part of its defense it would have produced documents concerning such in discovery. However, to date, Grubhub has produced nothing at all that even mentions arbitration.

that it was likely violating the TCPA, are essential regardless of whether the case proceeds as a class action or an individual case.

<u>Defendant's Position</u>

Discovery should be staged and proportional to Plaintiff's unique individual claim. Plaintiff alleges that she received transactional calls on her cellular phone without her consent in violation of Section 227(b) of the TCPA. These calls were intended for a Grubhub restaurant partner and related to order confirmations and restaurant hours as part of routine business communications. Am. Compl. ¶ 11. Prior to the commencement of discovery, Grubhub informally provided documents to Plaintiff that reflect that one of its restaurant partners had affirmatively designated Plaintiff's telephone number—(xxx) **3**58-xxx—as its preferred contact telephone number for the purpose of receiving these communications. In doing so, a single digit error was made. The restaurant's correct landline business phone number is: (xxx) **4**58-xxxx. One isolated error made in connection with one digit of a business's telephone number does not entitle Plaintiff to obtain discovery relating to informational/transactional communications with Grubhub's restaurant partners that consented to receive them. And Plaintiff should be, for an independent reason, foreclosed from circumventing binding arbitration agreements through improper discovery tactics. *See Centurylink Commc'ns LLC v. Peerless Network, Inc.*, No. 18-3114, 2020 WL 11647818, at *3 (N.D. Ill. Jan. 28, 2020) (Fuentes, J.) ("[T]he discovery rules are not an excursion ticket to an unlimited, never-ending exploration of every conceivable matter that

captures an attorney's interest.") (quoting *Robinson v. Stanley*, No. 06-5158, 2010 WL 1005736, at *5 (N.D. Ill. Mar. 17, 2010)).

### a. Initial Disclosures

#### i. The due date for Fed. R. Civ. P. 26(a)(1) disclosures.

The Court's order of January 6, 2022, provides that "[t]he parties' Rule 26(a)(1) disclosures shall be served by no later than 2/01/22." Dkt. No. 82. The parties have complied with this deadline.

#### ii. A date to issue written discovery requests.

The parties have each already served their initial set of written discovery requests.

#### iii. Mandatory Initial Discovery Pilot Program

This case was included in the Court's Mandatory Initial Discovery Pilot Program on June 5, 2019. Dkt. No. 5. However, the program expired on June 1, 2020, and discovery did not proceed pending the Court's resolution of Grubhub's motions to dismiss and strike, which the Court ruled upon on September 27, 2021. Dkt. No. 74. The parties have subsequently issued respective written discovery requests, and respectfully request that the Court excuse them from having to proceed with the MIDP program requirements, to the extent it remains applicable.

### b. A fact discovery completion date

Plaintiff's Position

Plaintiff proposes a fact discovery completion date of September 30, 2022.

This is not a case where bifurcation is appropriate. This case was filed more than two-and-a-half years ago, and we're only now getting into discovery. *See In re Abbott Labs. Derivative S'holder Litig.*, 2003 WL 22114274, at *1 (N.D. Ill. Sept. 9, 2003) (prolonged length of case without progress "counsels against any further delay" in denying motion to bifurcate discovery).

9

Moreover, merits and class issues overlap in TCPA cases such as this, where discovery on, for example, Grubhub's complaints and policies, practices, and procedures is relevant to both Plaintiff's individual claims on the merits and class certification. *See Lucas v. Vee Pak, Inc.*, 2014 WL 12932245, at *1 (N.D. Ill. Nov. 13, 2014) (noting "[c]ourts increasingly find that class certification and merits issues overlap," and denying motion to bifurcate).

Additionally, even though Plaintiff propounded discovery requests back in October, Grubhub has produced virtually nothing, and even refuses to conform its requests with the Federal Rules' requirement that it identify what is being withheld based on what objection—even for Plaintiff-specific discovery. *See* Fed.R.Civ.P. 34(b)(2)(C). Grubhub's reticence in complying with discovery thus practically guarantees that bifurcation will result in piecemeal discovery disputes that exponentially delay and frustrate the efficient progress of these proceedings. *See Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 203-04 (N.D. Ill. 2018) ("Given the history of the case thus far, discovery is likely to be contentious.... There is absolutely nothing to suggest the parties wouldn't continue in this vein, with time-consuming disputes arising over whether particular discovery [falls within the bifurcated parameters or not]. From this perspective, there is nothing to gain in terms of judicial economy by bifurcating discovery."). It is far more efficient to address all issues at once through discovery in the ordinary course, rather than subjecting these proceedings to delay after delay resulting from discrete discovery fights.

Defendant's Position

Grubhub proposes that discovery be limited and proportional to Plaintiff's individual claim and be completed within 90 days. After such discovery is completed, Grubhub suggests that a status conference be scheduled with this Court to discuss what, if any, additional discovery is still needed. This sensible and streamlined approach is consistent with Federal Rule of Civil Procedure

1's requirement that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; Standing Order for Civil Cases Before Magistrate Judge Fuentes at 1 ("The Court's goal for each case . . . to promote the just, speedy, and inexpensive determination of the matter."); *id.* at 2 ("The Court also cares a great deal about controlling litigation costs by carefully applying Rule 26(b)(1)."); *see also Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16-9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating discovery in TCPA action "where some limited, first-stage production could stave off substantial wasted efforts."); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action brought under the TCPA); *Horton v. Sw. Med. Consulting, LLC*, No. 17-0266, 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017) (bifurcating class and merits discovery in TCPA case); *Christian v. Generation Mortg. Co.*, No. 12-5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) ("Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice.").[6]

  **c.**  **If there will be expert discovery, proposed dates for Rule 26(a)(2) expert disclosure reports and depositions, with an expert discovery completion date.**

Plaintiff's Position

   Plaintiff proposes that expert discovery proceed as follows:

-  Expert Disclosure/Report of Party with Burden of Proof Due: <u>October 28, 2022</u>

---

[6] The cases cited by Plaintiff are inapposite. For example, the court in *In re Abbott Labs. Derivative S'holder Litig.* found that a delay of **four years** "counsels against any further delay." 2003 WL 22114274, at *1. And in *Lucas*, the court denied bifurcation because, unlike here, class and merits discovery overlapped as to "policy and practice issues." 2014 WL 12932245, at *3. Here, class discovery is unnecessary at this stage (and will likely not be needed at all) because Plaintiff's isolated and unique experience should not be used as a basis to pursue a class action.

- Opposing Expert Disclosure/Report: <u>December 2, 2022</u>

- Deadline to Depose Expert: <u>60 days after disclosure</u>

- Expert Discovery Cut-Off: <u>January 31, 2023</u>.

<u>Defendant's Position</u>

Grubhub contends that no expert discovery will be required or useful to this Court. Therefore, Grubhub proposes that the Court address what expert discovery, if any, is needed at a status conference after completion of fact discovery on Plaintiff's individual claim in the next 90 days.

**4.      Consideration of Issues Concerning ESI.**

The parties do anticipate that this case will involve discovery of ESI, including as to Plaintiff's expected requests for complaints, communications, and class-related data.  The parties expect to work together towards an ESI protocol.

**5.      Settlement.**

**a.      Describe the status of settlement discussions.**

Grubhub has provided an individual settlement offer to Plaintiff as a good faith customer service measure.  Plaintiff did not accept the settlement offer.  Grubhub has requested a Rule 16 settlement conference with this Court.

**b.      State whether all parties wish to participate in a settlement conference or believe such a conference would be productive.**

Grubhub believes an early settlement conference with this Court will aid the parties and the Court.  At this point, Plaintiff is amenable to a settlement conference to discuss class resolution, only.

**6.      Magistrate Judge Consent.**

The parties do not unanimously consent to having a magistrate conduct all further

proceedings.

**7.      Pending Motions.**

No motions are currently pending.  The parties do anticipate moving for entry of an agreed confidentiality order on the short term, however, following the Court's model order.

**8.      Trial.**

No trial date has yet been set, although the timing for trial will necessarily depend on the timing of any class certification and/or summary judgment ruling.  The parties estimate that trial will ultimately take about five days.

**9.      Other Matters.**

In line with the Court's order of January 6, 2022, Dkt. No. 82, the parties also report that each side has already propounded an initial set of discovery requests on its opponent.  The parties are in the process of meeting and conferring about Plaintiff's responses to Grubhub's requests. The parties have completed conferring regarding Plaintiff's requests to Grubhub, and Plaintiff anticipates filing a motion to compel discovery in the next couple weeks based on matters the parties were unable to resolve without Court assistance.  Grubhub maintains that any such motion to compel discovery would be yet another tactic to multiply these proceedings and place undue burdens on Grubhub and this Court.

The parties negotiated and agreed to all of the terms of an Agreed Confidentiality and Protective Order.  Just prior to filing, Plaintiff's counsel, without explanation, withheld consent to the joint filing of the Agreed Confidentiality and Protective Order for this Court's approval.

Dated: February 7, 2022

GRUBHUB INC.

By: */s/ Michael W. McTigue Jr.*
    Michael W. McTigue Jr.
    Meredith C. Slawe
    COZEN O'CONNOR
    1650 Market St., Suite 2800
    Philadelphia, PA 19103
    Telephone: (215) 665-2000
    mmctigue@cozen.com
    mslawe@cozen.com


    William J. Cadigan
    LAW OFFICE OF WILLIAM J. CADIGAN PC
    33 N. Dearborn St., Suite 2350
    Chicago, IL 60602
    Telephone: (312) 207-0222
    wcadigan@cadiganlaw.net

*Counsel for Defendant*

Respectfully submitted,

DONNA MARSHALL, individually and on behalf of others similarly situated

By: */s/ Alexander H. Burke*
    Alexander H. Burke
    Daniel J. Marovitch
    BURKE LAW OFFICES, LLC
    909 Davis St., Suite 500
    Evanston, IL 60201
    Telephone: (312) 729-5288
    aburke@burkelawllc.com
    dmarovitch@burkelawllc.com

    Justin T. Holcombe
    SKAAR & FEAGLE, LLP
    133 Mirramont Lake Drive
    Woodstock, GA 30189 USA
    Telephone: (770) 427-5600
    jholcombe@skaarandfeagle.com

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that, on February 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    */s/ Michael W. McTigue Jr.*

14