**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONNA MARSHALL, individually and on behalf of others similarly situated, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>GRUBHUB INC., )<br>Defendant. ) | Case No. 1:19-cv-03718<br><br>Hon. Judge John J. Tharp, Jr.<br>Hon. Mag. Judge Gabriel Fuentes |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

This class action alleges that Defendant Grubhub Inc. ("Grubhub") made nonconsensual robocalls to the cell phone numbers of Plaintiff and others, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff issued discovery requests seeking: (1) identification and nature of the calls at issue; (2) policies, practices, and procedures concerning robocalling and "do not call" requests; (3) Grubhub's affirmative defenses; and (4) complaints and other indicia of willfulness relevant to treble damages.

Grubhub as largely refused to provide responsive information or materials. And even where it has agreed to provide a response, Grubhub has often unilaterally limited the scope of its response to calls that were received by its "restaurant partners"—even though no such distinction exists in the complaint or discovery requests.

Plaintiff needs the requested discovery to support class certification, prove her case on the merits, and establish damages. The Court should grant this motion and compel Grubhub to comply with Plaintiff's discovery requests, as further detailed below.

I.  **BACKGROUND**

Defendant Grubhub is an online food ordering and delivery platform, which uses autodialed, prerecorded-voice calling. Dkt. 24, Am. Compl. ["AC"] ¶ 8. However, Grubhub lacks sufficient practices to ensure that its calls only go to persons who previously consented to receive them, and it has made dozens of nonconsensual robocalls to Plaintiff's cell phone even though she is a noncustomer who asked that calls stop. *Id.* ¶¶ 10-20.

Plaintiff issued written discovery requests to Grubhub on October 19, 2021.[1] Grubhub

---

[1] Unless otherwise stated, ***all*** written discovery requests are subject to a default temporal scope going back to June 4, 2015 and continue to the present day, thus covering the TCPA's 4-year statute of limitations. *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011).

responded on December 2, 2021. Ex. A. Grubhub's responses did not substantively respond to the bulk of Plaintiff's discovery requests, and it largely refused to produce responsive materials.[2] Moreover, while Grubhub now says it expects to provide supplement discovery responses for some requests, see Ex. C p. 1, the majority of that remains non-responsive.[3]

Exhaustive conferral efforts detailed on page 17 below have failed. Plaintiff respectfully asks that the Court grant this motion to compel, as further detailed herein.

## II.     LEGAL STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The scope of discovery is broad—parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

---

[2] To date, Grubhub has produced just forty-five (45) pages of materials: (1) its agreements with two restaurants purportedly connected to its robocalls to Plaintiff; (2) some Plaintiff-specific records; (3) printouts of its website's Terms of Use and Restaurant Terms; and (4) a restaurant menu.

[3] After Plaintiff sent Grubhub a comprehensive discovery dispute letter on January 11, 2022 (Ex. B), followed by multiple conferrals during which the parties went through each request *ad nauseum* by phone, Plaintiff asked Grubhub to provide its final position as to the disputed requests. In its subsequent letter of April 22, 2022, Grubhub commits to supplementing its discovery, and it asserts that Grubhub "is not withholding any non-privileged responsive information or documents" other than what it specifically identifies in the letter and Grubhub's original written responses. Ex. C p. 1. However, Grubhub's letter then goes on to impose unilateral and unacceptable limitations on Plaintiff's discovery requests based on Grubhub's conveniently restrictive view of the case, without specifying what responsive information Grubhub is withholding or why. *Id.* pp. 2-4. Plaintiff sees no reason to delay bringing this dispute to the Court for assistance when what Grubhub now says it will produce continues to be non-responsive.

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As such, "[t]he Federal Rules of Civil Procedure ... strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

## III. ARGUMENT

### A. The Court should compel Grubhub to comply with the Federal Rules.

Grubhub's discovery responses – which, to the extent it provides a substantive response at all, are made "subject to and without waiver" of myriad objections – fail to specify what, if anything, Grubhub is withholding and why.[4] As the undersigned explained during multiple conferral telephone calls, this is improper under Fed.R.Civ.P. 34(b)(2)(C)-(D) and Fed.R.Civ.P. 33(b)(4), and makes it impossible for Plaintiff to know whether Grubhub has fully responded to a request, whether a dispute exists, and if a dispute exists whether it is able to be resolved without Court intervention. *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) ("[S]uch practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.").

*State Nat'l Ins. Co., Inc. v. Burns*, 2021 WL 2174478, at *3 (N.D. Ill. Mar. 1, 2021), explains the point. *Burns* held that a party's opponent was entitled to know whether responsive materials exist, and compelled it to amend its discovery response accordingly, holding that the responding party's "'subject to and without waiving [] objections' language … is improper under amended Federal Rule of Civil Procedure 34(b)(2)(C) which now provides that '[a]n objection must state whether any responsive materials are being withheld on the basis of that objection'"

---

[4] Grubhub appears to be withholding responsive materials. For example, Grubhub's "Prefatory Statement" at the beginning of its responses says it is preemptively withholding discovery on some calls based on its (disputed) legal position that consent or arbitration may apply to them. Ex. A p. 1.

3

and compelled full responses. Because Grubhub has refused to bring its responses into compliance, even after conferrals on the specific subject, the Court should similarly compel Grubhub to produce all documents responsive to requests where it has interposed opaque responses that do not comply with Fed.R.Civ.P. 34(b)(2)(C)-(D) and Fed.R.Civ.P. 33(b)(4), as identified herein.[5]

      **B.    The Court should order Grubhub to produce discovery on the calls at issue.**

Plaintiff asserts a class of consumers Grubhub called the same way as Plaintiff, as well as a subclass of consumers Grubhub similarly continued to robocall after a do-not-call request—with the intent to focus on "wrong number" call recipients like herself. AC ¶¶ 9, 22; Dkt. 91 p. 3. To that end, Plaintiff issued ROGs 1 and 7-8 and RFPs 10-14 to investigate the calls at issue:

> **ROG 1**. Identify each different type of prerecorded/artificial message call you make, including the purpose of each type of call and the system(s) used to make such calls.
> **ROG 7**. Identify each phone number you called using a prerecorded or artificial voice, which you were informed at any time was a wrong number, as well as the date, time, and context of such wrong-number notification and each call thereto.
> **ROG 8**. Identify all artificial or prerecorded message calls you made to wrong numbers, since June 4, 2015. If you contend you cannot ascertain which prerecorded message calls went to wrong numbers, Plaintiff is willing to do this work herself, and requests production of the data showing artificial or prerecorded message calls along with identifying information for the intended recipients.
> **RFP 10**. Produce all communications that convey information relating to requests not to be called, or indicia of wrong number. Include FTP transfers and similarly less-tangible exchanges of information, if any; call the undersigned to meet and confer as to how to achieve production for less-tangible materials.
> **RFP 11**. Produce all versions of prerecorded or artificial messages used during outbound calls.
> **RFP 12**. Produce the call data for any artificial or prerecorded message calls you made to wrong numbers, since June 4, 2015. If you contend you cannot ascertain which prerecorded message calls went to wrong numbers, Plaintiff is willing to do this work herself, and requests production of the data showing prerecorded message calls along with identifying information for the intended recipients.
> **RFP 13**. Produce call data for the calls responsive to Request for Production No.

---

[5] Grubhub has committed to producing all responsive documents to certain requests. Plaintiff is not moving on those requests, but reserves the right to do so later.

> 12 that occurred after a do-not-call request. If Grubhub claims it cannot ascertain such calls, Grubhub should produce its complete do-not-call list, so that Plaintiff can conduct the analysis herself.
>
> **RFP 14.** Produce any data or documents that contain notations or indicia that a particular telephone is a wrong number, or that a telephone call went to a wrong number.

These requests are relevant to Plaintiffs' *prima facie* case, which requires that she prove each call to herself and the class. Proving each violative call is also crucial to establish damages, which the TCPA affords on a per-violation (i.e., per-call) basis. 47 U.S.C. § 227(b)(3). Plaintiff also expects to use the class call data to establish numerosity, predominance, and the other requirements under Fed.R.Civ.P. 23.[6] Further, Grubhub's identification of calls that occurred after a do-not-call request will support Plaintiff's request for treble damages based on Grubhub's knowing or willful violations under 47 U.S.C. § 227(b)(3); *Cunningham v. Montes*, 2020 WL 9347656, at *4 (W.D. Wis. Feb. 7, 2020) (finding past request to stop calling relevant but not required for enhanced damages under TCPA).

Aside from the procedural infirmities pursuant to Fed.R.Civ.P. 34(b)(2)(C)-(D) and Fed.R.Civ.P. 33(b)(4) present in each of them, Grubhub's responses to these requests are deficient for substantive reasons, too. First, Grubhub agreed to produce documents responsive to ROG 1's and RFP 11's requests for information on the types of prerecorded messages Grubhub sent, and RFP 10 and 14's request for do-not-call or wrong-number communications and data, but it limits its response to calls to "restaurant partners." Ex. C pp. 2, 4. This limitation is improper: The TCPA is a content-neutral statute[7] enacted to address the harm caused by

---

[6] *See Gebka v. Allstate Corp.*, 2021 WL 825612, at *8 (N.D. Ill. Mar. 4, 2021) (Cummings, MJ, finding that documents that "bear[] relevance to the issues of class certification" are discoverable, even if they aren't a perfect class list").

[7] *C.f. Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335, 2347 (2020) (excising content-based portion of TCPA, which is irrelevant to this proceedings, from content neutral remainder of statute).

5

automated dialing technology.[8] Plaintiff's lawsuit is thus not limited to calls to "restaurant partners," but instead appropriately focuses on prerecorded calls consumers, like Plaintiff, whom Grubhub subjected to its regulated robocall technology. AC ¶ 22. The Court should, therefore, reject Grubhub's attempt to narrow the scope of this case based on some subjective and irrelevant categorization of robocall recipients.[9]

Second, Grubhub refuses to produce any documents responsive to ROGs 7-8's and RFPs 12-13's request for class call discovery at all, and instead claims that data Plaintiff subpoenaed from its call vendor DialogTech n/k/a Invoca is sufficient. Ex. C pp. 3-4. However, Invoca no longer has records for its calls to Plaintiff – or any other pre-suit call – because Grubhub failed to preserve it at the outset of this case, and they were purged, apparently in the normal course. Grubhub is now the *only* entity that has these records, and it should not be excused from producing this highly relevant evidence it made impossible for Plaintiff to obtain by other means. Moreover, Invoca's data is non-responsive to ROGs 7-8 and RFPs 12-13 because it doesn't include any wrong-number or do-not-call information relevant to identifying which calls were nonconsensual. Only Grubhub has this.

Grubhub's objections to complying with these requests are baseless. The class discovery Plaintiff seeks isn't "premature:" This Court rejected Grubhub's motion to bifurcate discovery,[10]

---

[8] *See* 47 U.S.C. § 227(b)(1)(A)(iii) (prohibiting making "any" call using an autodialer or an artificial or prerecorded voice to a cell number); S. Rep. 102-178, 5, 1991 U.S.C.C.A.N. 1968, 1972-73 (Oct. 8, 1991) ("Federal legislation is necessary to protect the public from automated telephone calls.").

[9] *See Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 640-42 (7th Cir. 2012) (rejecting argument that the "intended recipient" of a call matters for consent purposes under the TCPA).

[10] Dkt. 95, Order p. 3 ("Judge Tharp noted that classwide discovery might aid the determination of whether Grubhub used an [autodialer] and whether Grubhub has identified a method for determining consent or lack of consent to receive these calls all for purposes of determining whether Marshall can establish a common question on class certification.").

and courts routinely hold that pre-certification class discovery is appropriate and necessary in TCPA class cases like this one[11]—especially where, as here, Grubhub is expected to argue that individualized consent issues in its records preclude predominance under Fed.R.Civ.P. 23.[12]

Likewise, Grubhub's "disproportionate to the needs of the case" objection to these requests is boilerplate, which remains unsubstantiated despite Plaintiff's efforts to ferret out what the true burden is in order to come up with a solution. Indeed, given that Defense counsel told Plaintiff that Defendant has already gathered and preserved the call data, it would appear that Grubhub's "burden" arguments are simply not founded. And to the extent that Grubhub contends it is difficult to ascertain which calls went to non-customers, Plaintiff offered to minimize any perceived burden by conducting the data analysis herself, Ex. B p. 14, but Grubhub declined. Moreover, Grubhub's objection to producing "confidential" documents is moot because the Court entered an agreed confidentiality order protecting such, Dkt. 86. And Grubhub's objection to producing do-not-call data in response to RFP 13 because it purportedly only applies to "marketing calls" is wrong: That Grubhub continued to call Plaintiff and others after they asked it to stop is directly relevant to: (1) disproving its consent defense, and (2) establishing its

---

[11] *E.g. Medina v. Enhanced Recovery Co.*, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant … to prove the merits of Plaintiffs' claims.") (citing cases); *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 243 & n.1 (N.D. Ohio 2017) (ordering TCPA defendant to write computer program to extract call and account note data from its system after finding that it is relevant to "the relief available under the TCPA because the statute provides for damages on a per-violation basis"); *Doherty v. Comenity Capital Bank*, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 658 (4th Cir. 2019) (affirming TCPA class certification, noting that "class-wide records were produced").

[12] *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) ("Unless [defendant] never intended to, and will not, assert a consent defense to the putative class claims—an assertion it does not make—it should have marshaled the evidence in support of that defense long ago.") (citation omitted).

willfulness as to the calling at issue, such that treble damages are appropriate under 47 U.S.C. § 227(b)(3). After all, the content of a misdirected prerecorded message robocall is irrelevant to the recipient. These requests for class call discovery are highly relevant to Plaintiff's *prima facie* case, damages, and class certification, and they should be compelled.[13]

### C. The Court should order Grubhub to produce documents and communications pertaining to its relevant policies, practices, and procedures.

Plaintiff propounded Interrogatory Nos. 3-4 and 6 and Request for Production Nos. 4-7, 9, 15, and 21 to identify relevant witnesses and obtain communications, training documents, and other materials that evidence Grubhub's policies, practices, and procedures related to calling, do not call requests and "wrong number" notifications:

> **ROG 3.** Identify all person(s) involved in the technical side (e.g., programming, data analysis) of artificial or prerecorded message phone calls.
> **ROG 4.** Identify all persons involved in the operational side (e.g., deciding who to call for what purpose) of sending artificial or prerecorded message phone calls.
> **ROG 6.** Identify any policies, practices, or procedures that could assist Grubhub with keeping track of complaints or notifications that it was calling the wrong number or someone who had previously asked not to be called.
> **RFP 4.** Produce all documents, manuals and other materials that describe the system(s) Grubhub used to make prerecorded message or artificial voice calls.
> **RFP 5.** Produce all documents, manuals, and other materials that describe the processes Grubhub used to make prerecorded message or artificial voice calls.
> **RFP 6.** Produce all documents, manuals, and other materials that describe how to keep track of phone numbers that should not be called because they are wrong numbers or because the person asked not to be called.
> **RFP 7.** Produce all policies, practices, or procedures that concern prevention of calls to wrong numbers.
> **RFP 9.** Produce your do-not-call policies, practices, and procedures.
> **RFP 15.** Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning communications or indicia of wrong number calls, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action.
> **RFP 21.** Produce your document retention/destruction policies.

---

[13] *Bernstein v. S. Cal. Tel. Co.*, 2020 WL 5289930, at *4 (C.D. Cal. May 27, 2020) ("obtaining this information … is the only meaningful way to identify class members and prepare this case for trial.").

8

Grubhub produced almost nothing in response, based upon boilerplate and opaque objections. Grubhub's policies, practices, and procedures are inherently relevant to understanding how the calls at issue were made, the nature of Grubhub's dialing system and campaigns (relevant to whether its calls used an autodialer or an "artificial or prerecorded voice" and/or "automatic telephone dialing system" under the TCPA), and the appropriateness of treble damages based on Grubhub's knowledge and willfulness, *see* 47 U.S.C. § 227(c)(5). Such discovery is also necessary to rebut Grubhub's 13th and 14th Defenses, by which it hopes to avoid liability based on its purported adherence to reasonable practices.[14] RFP 21's request for Grubhub's data retention and destruction policies will also tell Plaintiff what relevant evidence might still exist (or not) and where—particularly relevant here because Grubhub failed to have its call vendor Invoca preserve any pre-suit call records.

Grubhub says it will produce policy, practice, and procedure documents, and identify involved persons, for ROGs 3-4 and 6 and RFPs 4-7 pertaining to artificial or prerecorded voice calls or calls to wrong numbers—but only to the extent they relate to its "restaurant partners." Ex. C at pp. 2-3. However, because Plaintiff's requests and complaint extend to all robocalls, not just calls to restaurant partners, Grubhub should respond to the requests as drafted.

Grubhub refuses to produce its do-not-call policies, practices, and procedures responsive to RFP 6-7 and 9. Ex. C p. 3; Ex. A pp. 15-18. These requests are directly relevant to the subclass of consumers Grubhub robocalled after a do-not-call request, *see* AC ¶ 22, to rebutting Grubhub's Second Affirmative Defense of "consent," *see* Dkt. 79 p. 13, and to establishing Grubhub's willfulness relevant to treble damages based on its continued calls to consumers who

---

[14] *See* Dkt. 79, Answer to AC, at p. 14.

9

asked not to be contacted. After all, Plaintiff asked to be "put on your do not call list." Dkt. 92 (recording). Plaintiff should be allowed to see any policies applicable to such a request.

Plaintiff issued RFP 15's request for data explanation materials so that she can understand what the data produced in this case means. Grubhub claims that it shouldn't have to respond to this request because Plaintiff already has such documents from Invoca, Ex. C p. 4, but this is not the case. Likewise, Grubhub refuses to produce its document retention/destruction policies responsive to RFP 21, based on unspecified "privilege." There is nothing privileged about *any* companywide policy, and retention policies will allow Plaintiff may understand what may have happened to missing materials, particularly in light of the fact that Grubhub allowed several years of Invoca call data to be destroyed.

Grubhub's objections to these requests lack merit. The requests are narrowly tailored to the claims in this case, regarding artificial voice calls, wrong numbers, and do-not-call requests. And despite requests to do so, Grubhub has not articulated any specific burden. Grubhub's objection to producing "confidential" materials has since been mooted by the Court's order protecting such, Dkt. 86. And Grubhub has not provided any privilege log.

Given the relevance of policy, practice, and procedure materials to the parties' claims and defenses in TCPA cases, courts routinely compel them.[15] This Court should, as well.

**D.   The Court should order Grubhub to produce discovery on its affirmative**

---

[15]   *E.g., O'Shea v. Am. Solar Sol., Inc.*, 2016 WL 701215, at *5 (S.D. Cal. Feb. 18, 2016) (compelling all "TCPA Compliance Documents and Communications," finding that such materials are "directly related to [plaintiff's] TCPA claim, and … therefore discoverable."); *Lowe v. CVS Pharmacy, Inc.*, 2015 WL 13427768, at *5 (N.D. Ill. Feb. 6, 2015) (compelling "[a]ll communications, policies, training materials, memoranda, and other documents relating to the TCPA, [IATDA] or any other telemarketing laws."); *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1045 (D. Minn. 2010) (compelling "policy manuals, procedure manuals, or other documents" distributed to employees, all lawsuits filed, and all court judgments and civil or administrative sanctions issued" against the defendant as to the TCPA, and other compliance materials).

**defenses on a class-wide basis.**

Grubhub's answer to Plaintiff's amended complaint asserts thirty-three (33) separate affirmative defenses, including its Second Affirmative Defense that Grubhub purportedly has "prior express consent" for its calls to Plaintiff and the class. Dkt. 79, Answer to AC, at p. 13. Plaintiff issued ROG 5 and RFP 16 to learn about this and other affirmative defenses:

> **ROG 5.** Explain any factual basis behind any claim that you had consent for any outbound telephone calls to non-customers. Be specific, citing to specific documents or expected testimony.
> **RFP 16.** Please produce all documents supporting, relating to, or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."

Grubhub's responses to these requests are equivocal. Grubhub says it "will supplement its response to [ROG 5] with Bates numbers" following a supplemental production it intends to make by May 23, 2022, but it also objects to RFP 16's request for documents pertaining to its defenses as "premature" and refuses to set a date certain for production. Ex. C p. 3, 16.

A party's defenses fall squarely within the permissible scope of discovery. Fed.R.Civ.P. 26(b)(1). Grubhub was required to have a non-frivolous factual basis for asserting each of its thirty-three affirmative defenses when it filed its answer, Fed.R.Civ.P. 11. If it hasn't been able to compile evidence to support any of its asserted defenses in the three years since this case was filed, then it should say so and amend its answer. In any event, courts routinely compel such defense discovery in TCPA cases,[16] and the Court should similarly compel Grubhub to provide

---

[16] *See Martin v. Bureau of Collection Recovery*, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) ("If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.); *Bridging Communities Inc. v. Top Flite Financial Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) (reversing denial of class certification, holding that TCPA defendant must present *evidence* of its affirmative defenses); *Gebka v. Allstate Corp.*, 2021 WL 825612, at *6 (N.D. Ill. Mar. 4, 2021); *Bernstein v. S. Cal. Tel. Co.*, 2020 WL 5289930, at *4 (C.D. Cal. May 27, 2020) ; *Donnelly v.*

complete responses to ROG 5 and RFP 16 by date certain.

### E. The Court should compel Grubhub to produce willfulness discovery.

Plaintiff issued Interrogatory No. 2 and Request for Production Nos. 2-3 and 8 to obtain evidence of Grubhub's knowledge and willfulness with respect to the robocalls at issue:

> **ROG 2.** Identify all notices or complaints you have received or know about, concerning Grubhub automated or prerecorded/artificial message calls to persons for whom they were not intended.
> **RFP 2.** Produce all complaints or notifications of any kind that concern Grubhub making prerecorded or artificial message calls in error, to persons who were not the intended recipient, or to persons who had previously asked not to be called.
> **RFP 3.** Produce all communications of any kind, that concern the making of prerecorded or artificial voice calls to wrong numbers.
> **RFP 8.** Please produce all communications and other documents pertaining to compliance with the TCPA's prerecorded or artificial voice provisions, [since June 4, 2015].[17]

These requests seek discovery on Grubhub's awareness and handling of robocall complaints or (non)compliance. This discovery will show that Grubhub made the calls at issue despite knowing that its practices result in a percentage of calls to unrelated bystanders such as Marshall. Given that Grubhub appears to require acceptance of robocalls by its business partners as part of its business practices, it would seem that *any* do not call request at all would show a non-customer. This evidence is also needed to rebut Grubhub's 13th Affirmative Defense that its violations were purportedly "the result of innocent mistake and/or bona fide error despite reasonable procedures," and Grubhub's 14th Affirmative Defenses that it "at all times acted in good faith and in accordance with reasonable commercial standards[.]" Further, the responsive complaints

---

*NCO Fin. Sys., Inc.*, 2010 WL 308975, at *1 (N.D. Ill. Jan. 13, 2010); *Johnson v. Moss Bros. Auto Group, Inc.*, 2020 WL 6565315, at *6 (C.D. Cal. Sept. 14, 2020).

[17] RFP 8 as issued had no time limitation because Grubhub's historic (lack of) compliance with the TCPA is all relevant to willfulness. However, during conferral, Plaintiff agreed to limit the temporal scope of RFP 8 to the beginning of the TCPA's 4-year statute of limitations period, ongoing.

and communications themselves will identify witnesses as well as potential class members.

Grubhub limited its response to ROG 2 and RFP 2-3 to complaints about calls intended for Grubhub's "restaurant partners," but this is not a valid restriction. Plaintiff's class and these requests extend to *all* nonconsensual robocall recipients. AC ¶ 22. And while Grubhub says it will produce "any non-privileged relevant manuals, policies, or procedures" responsive to RFP 8's request for documents regarding its TCPA compliance, Ex. C p. 4, this will exclude communications concerning the specific subject matter of this case.

These requests are narrowly tailored to the type of prerecorded-voice calls Plaintiff sued about, and they seek the type of discovery courts routinely compel in TCPA litigation.[18] Grubhub has failed to articulate any particular burden in responding, despite repeated requests for such. Further, the Court's confidentiality order, Dkt. 86, moots Grubhub's objection to disclosing "confidential" materials. Grubhub's "premature" objection is likewise baseless

---

[18] *E.g.*, *Brodsky v. HumanDental Ins. Co.*, 2012 WL 12973195, at *3 (N.D. Ill. May 18, 2012) ("Courts have found that this type of [consumer complaint] information is relevant to the issue of whether a defendant acted willfully in violating the TCPA."); *Leeb v. Charter Commc'ns, Inc.*, 2019 WL 144132, at *2 (E.D. Mo. Jan. 9, 2019) (compelling all communications and documents concerning complaints about nonconsensual calls, finding it "relevant and proportional to the needs of the case with respect to Plaintiff's allegations that Charter willfully or knowingly violated the TCPA"); *Sliwa*, 2018 WL 1183350, at *3 (compelling "[a]ll communications, reports, or audits concerning Defendant's compliance with the TCPA, including ensuring it was not calling wrong numbers or calling numbers after the called parties made requests not to call them," finding it "relevant, proportional, and not burdensome"); *Taylor v. Univ. Auto Grp. I, Inc.*, 2015 WL 1810316, at *8 (S.D. Ohio Apr. 17, 2015) (compelling "documents, communications, and databases related to complaints from individuals who received calls"); *Warnick v. DISH Network LLC*, 2013 WL 788090, at *4 (D. Colo. Mar. 1, 2013) (compelling "[a]ll documents from any source that concern the legality or propriety of making telephone calls to customers' cellular phones" referencing the TCPA); *Krakauer*, 925 F.3d at 662 (referencing prior litigation and "half-hearted way in which Dish responded to consumer complaints" in affirming enhanced damages against TCPA violator); *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 504-505 (N.D. Ill. 2009) ("[I]nformation relating to other lawsuits and/or proceedings in which NCO was charged with violating the TCPA ... is certainly relevant to its knowledge of the TCPA and the actions it did or did not take to ensure compliance[.]").

because the Court denied its motion to bifurcate discovery.[19] Dkt. 95. Given these requests' inherent relevance to damages, merits, and even class issues, the Court should compel this important complaint and compliance discovery.

### F. The Court should compel Grubhub to produce case-relevant discovery.

Plaintiff propounded RFPs 17 and 19-20 to secure case-relevant materials:

> **RFP 17.** Please produce all documents received from any third party related to this action, including but not limited to subpoena responses and associated communications.
> **RFP 19.** Please produce all non-privileged documents relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures or responses to any discovery requests in this action.
> **RFP 20.** Produce all documents concerning any claim of indemnity or contribution for any fees, costs, judgment or settlement in this case.

Grubhub lacks any legitimate basis to oppose these requests. Because Grubhub couches each of its responses to these requests as being made "subject to and without waiver" of its objections, Plaintiff cannot tell whether Grubhub is withholding or why. Certainly, Grubhub's statement that it has no documents from third parties related to this action in response to RFP 17 seems unlikely, since Grubhub has confirmed that it collected its call data before Invoca destroyed such. Where are those documents?

Further, Grubhub lacks any valid basis to oppose RFP 20's request for indemnity or contribution-related materials, which are relevant to identifying potentially involved parties and sources of recovery. These documents are expected to be small in volume, are not privileged, and any "confidentiality" concern is mooted by the Court's order protecting such, Dkt. 86.

### G. The Court should compel Grubhub to provide proper responses to Plaintiff's requests for admission.

---

[19] Grubhub's responses also profess confusion about basic terms in these requests like "automated" or "prerecorded/artificial message call." Plaintiff encourages Grubhub to use their plain English meaning.

Plaintiff issued three requests for admission on discrete, case-relevant issues:

**RFA 1**. Admit that Plaintiff and Nicholas Amodeo are not the only persons who have complained of receiving wrong number phone calls from you.
**RFA 2**. Admit that you have never had Donna Marshall's prior express consent to receive telephone calls directed to a restaurant.
**RFA 3**. Admit that you have a policy, practice, or procedure in place to keep track of what phone numbers in your system are wrong numbers.

Grubhub evaded directly responding to these requests. RFA 1 seeks to confirm whether there were other people who complained about wrong-number calling from Grubhub—which will reveal Grubhub's knowledge of other potential class members or witnesses. But while Grubhub's response says it couldn't identify any other complaints about calls "intended for Grubhub's restaurant partners," Ex. A p. 27, the request (and Plaintiff's case) isn't limited to "restaurant partner" calls. Grubhub should answer the question asked.

Similarly, Grubhub's Second Affirmative Defense asserts that it had Plaintiff's prior express consent for the calling at issue. Dkt. 79, Answer to AC, p. 13. And yet, Grubhub's response to RFA 2's request that it admit it didn't have Plaintiff's consent to call her phone says it "lacks knowledge or information sufficient to admit or deny" the question. Which is it? If Grubhub lacks any basis for asserting a consent defense then it must formally repudiate its consent defense; if it has a basis it should disclose such.

Finally, Grubhub declined to answer RFA 3's request that it admit that Grubhub has a policy, practice, or procedure for tracking wrong numbers. This request speaks directly to whether and how Grubhub tracks wrong numbers like Plaintiffs. Grubhub's objection that it can't figure out what basic words like "policy, practice, or procedure" mean, or its other objection to providing internal do-not-call information when that isn't even what this request is about, provide no legitimate basis for its refusal to respond. Fed.R.Civ.P. 36.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks that the Court grant this motion, and: (1) compel Grubhub to provide full and complete responses to Interrogatory Nos. 1-8, Request for Production Nos. 2-17, 19-21, and Request for Admission Nos. 1-3; (2) order Grubhub to amend its responses to identify what, if anything, it is withholding and why; and (3) grant such other and further relief the Court deems reasonable and just.


Dated: May 18, 2022                              DONNA MARSHALL, individually and
                                                          on behalf of others similarly situated

By:  */s/ Alexander H. Burke*
     Alexander H. Burke
     Daniel J. Marovitch
     **BURKE LAW OFFICES, LLC**
     909 Davis St., Suite 500
     Evanston, IL 60201
     Telephone: (312) 729-5288
     aburke@burkelawllc.com
     dmarovitch@burkelawllc.com

     Justin T. Holcombe
     SKAAR & FEAGLE, LLP
     133 Mirramont Lake Dr.
     Woodstock, GA 30189
     Telephone: (770) 427-5600
     jholcombe@skaarandfeagle.com

     *Counsel for Plaintiff*

**FED. R. CIV. P. 37(A)(1)/L.R. 37.2 STATEMENT**

I certify that Plaintiff, through counsel, conferred in good faith with Defendant in an effort to obtain the discovery requested herein without court action, but that such attempts were unsuccessful, including through calls between myself, co-counsel Daniel J. Marovitch, and defense counsel Daniel Brewer on January 19, 2022, at 11:00 a.m., between Plaintiff's counsel Mr. Marovitch and Mr. Brewer on January 31, 2022, at 4:00 p.m., and between myself and defense counsel Michael W. McTigue on April 19, 2022, at 1:30 p.m., and through multiple written communications. *E.g.,* Exs. B-C.

                                                                                          */s/ Alexander H. Burke*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 18, 2022, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                                          */s/ Alexander H. Burke*