UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA MARSHALL,<br><br>             *Plaintiff*,<br><br>      v.<br><br>GRUBHUB INC.,<br><br>             *Defendant*. | **Civil Action No. 1:19-cv-03718**<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## GRUBHUB INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Defendant Grubhub Inc. ("Grubhub") hereby objects and responds to Plaintiff Donna Marshall's ("Plaintiff") First Set of Discovery Requests ("Requests").

## PREFATORY STATEMENT

Plaintiff alleges that she received informational "prerecorded voice" calls on her cellular phone without her consent. Am. Compl. ¶ 12. Grubhub places informational or transactional calls to its restaurant partners. Restaurant partners provide their numbers to Grubhub and consent to receive calls from Grubhub. A restaurant partner provided Grubhub with Plaintiff's phone number 404-358-3500 as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-458-3500. Restaurant partners typically have arbitration agreements with Grubhub that contain class action waivers. Thus, to the extent the Requests seek information relating to Grubhub's calls to its restaurant partners, they are outside the scope of permissible discovery in this action.

The responses set forth below are based on information currently available to Grubhub. Grubhub's investigation in this action is ongoing, and Grubhub reserves the right to rely upon information that may come to its attention at a later time. Grubhub specifically reserves the right to supplement, correct, and/or amend these responses in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or any applicable court order. Grubhub further reserves the right to introduce at trial, or any proceedings, any evidence from any source and testimony from any witness. By responding to any request, Grubhub does not concede that information responsive to that request exists or that Grubhub admits the relevance, characterization, or admissibility of any such information. Grubhub reserves any objections it may have, including but not limited to objections on the grounds of authenticity, attorney-client privilege, attorney work product, and/or any other privilege.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Grubhub objects to the instructions to the extent they purport to impose on Grubhub any obligations beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Grubhub objects to the "Document Production Protocol" to the extent it purports to impose obligations on Grubhub in excess of those set forth in the Federal Rules of Civil Procedure.

3.      Grubhub objects to the terms "Communication" and "Document" to the extent they exceed the scope of Federal Rule of Civil Procedure 34 or seek the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

4.      Grubhub objects to the term "you" to the extent it includes entities or individuals that are not parties in this action or otherwise exceeds the scope of Federal Rules of Civil Procedure 26 and 34.

5.      Grubhub objects to the term "Wrong number" to the extent it assumes Grubhub or anyone can identify telephone numbers that were not the telephone number "of the person [Grubhub] intended or believed would be reached."  Grubhub further objects to references to *Amodeo v. Grubhub, Inc.*, which has no relevance to this matter.

## INTERROGATORIES

1.      Identify each different type of prerecorded/artificial message call you make, including the purpose of each type of call and the system(s) used to make such calls.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory to the extent it seeks information concerning telephone calls made to restaurants partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this interrogatory because whether a call is a "prerecorded/artificial message call" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this interrogatory as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this interrogatory because it seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among

other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, Grubhub places informational or transactional calls to its restaurant partners that provide prior consent to receive the calls. It places these calls to restaurant partners for informational or transactional purposes, including for customer order confirmations and ensuring the accuracy of restaurant hours. When placing these calls to partner restaurants it has used the following system: Dialogtech.

2.      Identify all notices or complaints you have received or know about, concerning Grubhub automated or prerecorded/artificial message calls to persons for whom they were not intended.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the undefined term "automated."

Grubhub objects to this interrogatory to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this interrogatory because whether a call is a "prerecorded/artificial message call" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this interrogatory as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this interrogatory as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to the interrogatory as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners.

3.    Identify all person(s) involved in the technical side (e.g., programming, data analysis) of artificial or prerecorded message phone calls.

**<u>RESPONSE</u>**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the undefined terms "technical side," "programming," and "data analysis."

The identity of the "persons involved in the technical side (e.g., programming, data analysis)" has no bearing on the claims or defenses in this action and thus are not properly within the scope of discovery under Rule 26(b)(1). A restaurant partner provided Grubhub with Plaintiff's phone number 404-<u>3</u>58-3500 as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-<u>4</u>58-3500. Instead of focusing on the relevant issues, Plaintiff seeks overly broad and irrelevant discovery relating to Grubhub's communications with its restaurant partners.

5

For all these reasons, this interrogatory seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

    4.    Identify all persons involved in the operational side (e.g., deciding who to call for what purpose) of sending artificial or prerecorded message phone calls.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the undefined term "operational side."

The identity of the "persons involved in the operational side (e.g., deciding who to call for what purpose" has no bearing on the claims or defenses in this action and thus are not properly within the scope of discovery under Rule 26(b)(1). A restaurant partner provided Grubhub with Plaintiff's phone number 404-358-3500 as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-458-3500. Instead of focusing on the relevant issues, Plaintiff seeks overly broad and irrelevant discovery relating to Grubhub's communications with its restaurant partners.

For all these reasons, this interrogatory seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

    5.    Explain any factual basis behind any claim that you had consent for any outbound telephone calls to non-customers. Be specific, citing to specific documents or expected testimony.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the undefined term "non-customers."

Subject to and without waiver of the foregoing objections, Grubhub places informational or transactional calls to its restaurant partners that provide prior consent to receive the calls. Grubhub will produce documents related to the restaurant that provided Plaintiff's telephone number to Grubhub after entry of an appropriate protective order governing the disclosure and use of information in this case.

6.    Identify any policies, practices, or procedures that could assist Grubhub with keeping track of complaints or notifications that it was calling the wrong number or someone who had previously asked not to be called.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the undefined terms "policies, practices, or procedures."

Grubhub further objects to this interrogatory as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this interrogatory as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

7

Grubhub further objects to this interrogatory to the extent it seeks information relating to do-not-call policies and procedures. Such policies and procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

7.     Identify each phone number you called using a prerecorded or artificial voice, which you were informed at any time was a wrong number, as well as the date, time, and context of such wrong-number notification and each call thereto.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory as vague and ambiguous as to the phrase "informed at any time was a wrong number" and "wrong-number notification."

Grubhub further objects to this interrogatory to the extent it seeks information concerning telephone calls made to restaurants partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this interrogatory because whether a call is a "prerecorded or artificial voice" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this interrogatory as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Grubhub further objects to this interrogatory as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners.

8.    Identify all artificial or prerecorded message calls you made to wrong numbers, since June 4, 2015.  If you contend you cannot ascertain which prerecorded message calls went to wrong numbers, Plaintiff is willing to do this work herself, and requests production of the data showing artificial or prerecorded message calls along with identifying information for the intended recipients.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory to the extent it seeks information concerning telephone calls made to restaurants partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this interrogatory as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Plaintiff's request for the telephone numbers of all of Grubhub's restaurant partners is overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners.

9.      With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) their name, address, telephone number, occupation, and current employment; (b) the subject matter of their expertise; (c) their educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify them as an expert; (d) the substance of all facts and opinions to which they could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects that this interrogatory as premature.  Grubhub will disclose experts, if any, in accordance with Federal Rule of Civil Procedure 26 and any of the Court's scheduling orders.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents, records, data, recordings and other materials relating to Plaintiff or her cellular telephone number 404-358-3500, or any account number, customer number, or other designation associated with any of them.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request on the grounds that Plaintiff has not established that she is the subscriber to the telephone number 404-358-3500 for the relevant time period.

Subject to and without waiver of the foregoing objections, and after entry of an appropriate protective order governing the disclosure and use of information in this case, Grubhub will produce

responsive, non-privileged documents concerning Plaintiff or the telephone number 404-358-3500 to the extent they exist and can be located through a reasonable search.

2.      Produce all complaints or notifications of any kind that concern Grubhub making prerecorded or artificial message calls in error, to persons who were not the intended recipient, or to persons who had previously asked not to be called.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurants partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures.  Such requests only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners. Grubhub will produce non-privileged communications relating to Plaintiff after entry of an appropriate protective order governing the disclosure and use of information in this case.

3.      Produce all communications of any kind, that concern the making of prerecorded or artificial voice calls to wrong numbers.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurants partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request because whether a call is a "prerecorded or artificial voice call[]" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners. Grubhub will produce non-privileged communications relating to Plaintiff after entry of an appropriate protective order governing the disclosure and use of information in this case.

4. Produce all documents, manuals and other materials that describe the system(s) Grubhub used to make prerecorded message or artificial voice calls.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub further objects to this request because whether a call is a "prerecorded/artificial message voice call[]" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request because it seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, and after entry of an appropriate protective order governing the disclosure and use of information in this case, Grubhub will produce the manuals that describe the Dialogtech system that can be located through a reasonable search.

5.      Produce all documents, manuals, and other materials that describe the processes Grubhub used to make prerecorded message or artificial voice calls.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub further objects to this request because whether a call is a "prerecorded message or artificial voice call[]" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects that the "process" "used to make prerecorded message or artificial voice calls" has no bearing on the claims or defenses in this action and thus are not properly within the scope of discovery under Rule 26(b)(1). A restaurant partner provided Grubhub with Plaintiff's phone number 404-358-3500 as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-458-3500. Instead of focusing on the relevant issues, Plaintiff seeks overly broad and irrelevant discovery relating to Grubhub's communications with its restaurant partners.

For all these reasons, this request seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among other things, "the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

6.       Produce all documents, manuals, and other materials that describe how to keep track of phone numbers that should not be called because they are wrong numbers or because the person asked not to be called.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "policies, practices, or procedures."

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures. Such procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

7.       Produce all policies, practices, or procedures that concern prevention of calls to wrong numbers.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "policies, practices, or procedures."

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

8. Please produce all communications and other documents pertaining to compliance with the TCPA's prerecorded or artificial voice provisions, without regard to time.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request on the grounds that it is not limited in temporal scope to times relevant to this action.

Grubhub further objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, Grubhub places informational or transactional calls to its restaurant partners that provide prior consent to receive the calls. It places these calls to restaurant partners for informational or transactional purposes, including for customer order confirmations and ensuring the accuracy of restaurant hours. Grubhub will produce documents related to the restaurant that provided Plaintiff's telephone number to Grubhub after entry of an appropriate protective order governing the disclosure and use of information in this case.

9. Produce your do-not-call policies, practices, and procedures.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "policies, practices, or procedures."

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures. Such procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

10. Produce all communications that convey information relating to requests not to be called, or indicia of wrong number. Include FTP transfers and similarly less-tangible exchanges of information, if any; call the undersigned to meet and confer as to how to achieve production for less-tangible materials.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as the phrase "communications that convey information relating to requests not to be called, or indicia of wrong number" is vague, ambiguous, and confusing.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures. Such procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners. Grubhub will produce non-privileged communications relating to Plaintiff after entry of an appropriate protective order governing the disclosure and use of information in this case.

11.     Produce all versions of prerecorded or artificial messages used during outbound calls.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request because whether a call is a "prerecorded or artificial message[] [call]" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request as "versions of prerecorded or artificial messages" have no bearing on the claims or defenses in this action and thus are not properly within the scope

of discovery under Rule 26(b)(1). A restaurant partner provided Grubhub with Plaintiff's phone number 404-358-3500 as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-458-3500. Instead of focusing on the relevant issues, Plaintiff seeks overly broad and irrelevant discovery relating to Grubhub's communications with its restaurant partners.

For all these reasons, this request seeks irrelevant and/or protected information that is otherwise disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

12.     Produce the call data for any artificial or prerecorded message calls you made to wrong numbers, since June 4, 2015. If you contend you cannot ascertain which prerecorded message calls went to wrong numbers, Plaintiff is willing to do this work herself, and requests production of the data showing prerecorded message calls along with identifying information for the intended recipients.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request because whether a call is an "artificial or prerecorded message call[]" within the meaning of Section 227(b)(1)(A) of the TCPA requires a legal determination.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Plaintiff's request for the telephone numbers of all of Grubhub's restaurant partners is overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, and after entry of an appropriate protective order governing the disclosure and use of information in this case, Grubhub will produce the call data for calls made to 404-358-3500 that can be located through a reasonable search.

13.    Produce call data for the calls responsive to Request for Production No. 12 that occurred after a do-not-call request. If Grubhub claims it cannot ascertain such calls, Grubhub should produce its complete do-not-call list, so that Plaintiff can conduct the analysis herself.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures. Such procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

14.     Produce any data or documents that contain notations or indicia that a particular telephone is a wrong number, or that a telephone call went to a wrong number.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "notation" or "indicia."

Grubhub objects to this request to the extent it seeks information concerning telephone calls made to restaurant partners that have provided consent to be called and that are subject to binding arbitration agreements.

Grubhub further objects to this request as improper, premature, and seeking irrelevant information on the identity of any putative class member.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiver of the foregoing objections, Grubhub states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners. Grubhub will produce non-privileged communications relating to Plaintiff after entry of an appropriate protective order governing the disclosure and use of information in this case.

15.     Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning communications or indicia of wrong number calls, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "keys," "data dictionaries" or "indicia."

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

16.     Please produce all documents supporting, relating to, or refuting any of your affirmative defenses in this action, including but not limited to "prior express consent."

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Subject to and without waiver of the foregoing objections, Grubhub will produce documents related to the restaurant that provided Plaintiff's telephone number to Grubhub after entry of an appropriate protective order governing the disclosure and use of information in this case.

17.    Please produce all documents received from any third party related to this action, including but not limited to subpoena responses and associated communications.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Subject to and without waiver of the foregoing objections, Grubhub states it has no such documents.

18.    Please produce all documents or data underlying, referred to or reviewed, as to any affidavit or declaration submitted in this case.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Subject to and without waiver of the foregoing objections, Grubhub states that no affidavit or declaration has been submitted in this case.

19.     Please produce all non-privileged documents relied on in drafting or referred to in your Fed. R. Civ. P. 26 disclosures or responses to any discovery requests in this action.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Subject to and without waiver of the foregoing objections, and after entry of an appropriate protective order governing the disclosure and use of information in this case, Grubhub will produce responsive, non-privileged documents responsive to this request that can be located through a reasonable search.

20.     Produce all documents concerning any claim of indemnity or contribution for any fees, costs, judgment or settlement in this case.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

21.     Produce your document retention/destruction policies.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request on the grounds that it is not limited in temporal scope to times relevant to this action.

Grubhub further objects to this request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Grubhub further objects to this request as seeking information containing or reflecting proprietary information, trade secrets, and other sensitive or confidential business information of Grubhub or third parties.

Grubhub further objects to this request as overbroad and disproportionate to the needs of the case, when considering, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## REQUESTS FOR ADMISSION

1.     Admit that Plaintiff and Nicholas Amodeo are not the only persons who have complained of receiving wrong number phone calls from you.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Subject to and without waiver of the foregoing objections and to the extent a response is required: Denied. By way of further response, the text messages to Nicholas Amodeo did not concern a wrong number. A restaurant partner provided Plaintiff's phone number 404-<u>3</u>58-3500 to Grubhub as its preferred contact number. The number was a single digit off from its actual business landline telephone number 404-<u>4</u>58-3500. Grubhub further states, after a reasonable investigation, other than this action, it has identified no complaints from consumers that they received telephone calls intended for Grubhub's restaurant partners.

2.      Admit that you have never had Donna Marshall's prior express consent to receive telephone calls directed to a restaurant.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects that this request calls for a legal conclusion.

Subject to and without waiver of the foregoing objections, Grubhub states that after a reasonable investigation, Grubhub lacks knowledge or information sufficient to admit or deny this request.

3.      Admit that you have a policy, practice, or procedure in place to keep track of what phone numbers in your system are wrong numbers.

**RESPONSE**:

Grubhub incorporates its objections to the instructions and definitions by reference.

Grubhub objects to this request as vague and ambiguous as to the undefined terms "policy, practice, or procedure."

Grubhub further objects to this request to the extent it seeks information relating to do-not-call policies and procedures.  Such procedures only apply to marketing calls and are therefore irrelevant to the claims or defenses of the case.

Dated:   December 2, 2021

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr. (*pro hac vice*)
Meredith C. Slawe (*pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2000
mmctigue@cozen.com
mslawe@cozen.com

William J. Cadigan
LAW OFFICE OF WILLIAM J. CADIGAN, P.C.
33 N. Dearborn St., Suite 2350
Chicago, IL 60602
Telephone: (312) 207-0222
wcadigan@cadiganlaw.net

*Counsel for Defendant Grubhub Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 2, 2021, I served Defendant Grubhub Inc.'s Objections and Responses to Plaintiff's First Set of Discovery Requests via e-mail and first class mail on all current counsel of record.

*/s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.