# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212-735-3529
EMAIL ADDRESS
michael.mctigue@skadden.com

April 22, 2022

**VIA EMAIL**

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

Justin T. Holcombe
SKAAR & FEAGLE, LLP
133 Mirramont Lake Dr.
Woodstock, GA 30189
Telephone: (770) 427-5600
jholcombe@skaarandfeagle.com

RE: Discovery Conferral – *Marshall v. Grubhub Inc.*, No. 1:19-cv-03718 (N.D. Ill.)

Dear Counsel:

As requested during the call with Alex Burke on Tuesday, April 19, Grubhub will be updating its discovery responses and providing additional documents for production.

Grubhub will provide the supplemental discovery described below by May 23, 2022. Other than as stated in this letter and Grubhub's December 2, 2021 Responses and Objections, Grubhub is not withholding any non-privileged responsive information or documents.

Alexander H. Burke
April 22, 2022

### I. General Response

While we have provided responses to individual discovery requests below, we believe it would be beneficial to reiterate several facts at the outset[1] with the goal of dispelling any misunderstandings.

- First, as we discussed on our April 19 call, the parties agree that this case is not about telemarketing. Thus, do-not-call ("DNC") policies, procedures, and documents are simply irrelevant. Requests calling for the production of these irrelevant documents are an apparent fishing expedition and Grubhub will not produce information or documents relating to DNC policies and practices. As discussed on our call, Grubhub will produce responsive non-privileged information and/or documents, if any, that relate to wrong number calls.

- Second, the claims in this case relate to non-telemarketing calls to Grubhub's restaurant partners. Thus, Grubhub will only provide non-privileged documents or information related to its practices with restaurant partners, unless stated otherwise.

We believe these simple explanations alleviate the majority of the concerns expressed in your January 11 letter and in subsequent communications. But, in the spirit of good faith, Grubhub agrees to further supplement its discovery responses with respect to the specific requests enumerated below.

### II. Supplemental Responses to Specific Requests

Interrogatory No. 1

Grubhub will identify the discrete categories of calls it sends to restaurant partners.

Interrogatory No. 3

As discussed on our April 19 call, Grubhub will identify an individual on the "technical side" of relevant calls to restaurant partners.

Interrogatory No. 4

As discussed on our April 19 call, Grubhub will identify an individual on the "operational side" of relevant calls to restaurant partners.

---

[1] For the avoidance of doubt, these comments are also incorporated into Grubhub's discovery responses.

Alexander H. Burke
April 22, 2022

      Interrogatory No. 5

As requested, Grubhub will supplement its response to this interrogatory with Bates numbers following its May 23 production.

      Interrogatory No. 6

Grubhub will identify such policies and procedures to the extent that they relate to communications with restaurant partners.

      Interrogatories 7 and 8

Plaintiff already has a sample of call data, which was produced by Grubhub's vendor Invoca. If you believe additional call data is necessary for the purposes of class certification analysis, please identify the scope of data you believe is necessary and the reasons you believe it is necessary.

      Document Request No. 4

As set forth in Grubhub's response to Interrogatory No. 1, Grubhub uses the Dialogtech system in order to make calls to restaurant partners. Grubhub has already committed to produce the Dialogtech manual if it is within its possession, custody, or control. Grubhub will conduct a reasonable search to identify any other non-privileged documents describing the Dialogtech system.

      Document Request No. 5

Grubhub will produce non-privileged documents responsive to this request, to the extent they relate to communications with its restaurant partners and can be identified after a reasonable search.

      Document Request No. 6

Grubhub will produce non-privileged documents, with the exception of DNC documents, to the extent they relate to communications with its restaurant partners and can be identified after a reasonable search.

      Document Request No. 7

Grubhub will produce non-privileged policies and procedures, with the exception of DNC documents, to the extent that they relate to communications with restaurant partners and to the extent they can be identified after a reasonable search.

Alexander H. Burke
April 22, 2022

Document Request No. 8

In correspondence dated January 11, 2022, Plaintiff revised this request to encompass "the beginning of the TCPA's 4-year statute of limitations period, ongoing," as opposed to the previous articulation, which was expressly unlimited as to the time period. Grubhub appreciates the recognition that the original request was overbroad, and will produce any non-privileged relevant manuals, policies, or procedures.

Document Request No. 10

Grubhub will produce non-privileged communications, if any, received by Grubhub from individuals about wrong numbers calls to the extent they relate to communications with restaurant partners and can be identified after a reasonable search.

Document Request No. 11

As discussed on our April 19 call, is impracticable to produce "all versions" of calls. For example, every order confirmation call to each restaurant partner could be interpreted as a different version of a call. Grubhub will produce non-privileged exemplars of relevant calls to restaurant partners identified in response to Interrogatory No. 1.

Document Request No. 12

Plaintiff already has a sample of call data, which was produced by Grubhub's vendor Invoca. If you believe additional call data is necessary for the purposes of class certification analysis, please identify the scope of data you believe is necessary and the reasons you believe it is necessary.

Document Request No. 14

Grubhub will produce non-privileged documents relating to calls to alleged wrong numbers, if any, that exist, relate to communications with restaurant partners, and can be located after a reasonable search.

Document Request No. 15

Plaintiff has this information from Invoca.

Document Request No. 16

Grubhub objects to this request as premature as discovery is proceeding. It has already produced responsive documents and to the extent it has in its possessions additional non-privileged responsive documents, they will be produced.

Alexander H. Burke
April 22, 2022

Document Request No. 20

Grubhub has complied with its obligations regarding insurance disclosures under the Federal Rules and as reiterated during our April 19 call.

Document Request No. 21

Grubhub continues to object to this request as any such documents are privileged.

\* \* \*

These responses supplement the objections and responses Grubhub served on December 2, 2021, and nothing in this letter should be construed as an express or implied waiver of any of Grubhub's objections. Grubhub further recognizes its obligation to supplement its responses under the Federal Rules and commits to doing so promptly if necessary.

We reiterate that it is our belief that the majority of Plaintiff's concerns are mitigated by the explanations contained herein and by the forthcoming supplemental responses. We look forward to continuing a productive dialogue and are willing to further meet and confer in good faith, as shown by our willingness to provide written responses at Plaintiff's request.

Sincerely,

Michael W. McTigue Jr.*

cc: Meredith C. Slawe

*Admitted to practice in Pennsylvania and New Jersey. Not admitted to practice in New York.