UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Donna Marshall
                         Plaintiff,

v.                                            Case No.: 1:19−cv−03718
                                                    Honorable Nancy L. Maldonado

Grubhub Inc.
                         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, October 7, 2022:

       MINUTE entry before the Honorable Gabriel A. Fuentes: The parties' joint motion for an extension of time to file a joint status report on discovery compliance and scheduling (doc. #[134]) is granted, and the date is extended to 10/17/22. Further, plaintiff's "agreed" motion for order of ATT production (doc. #[133]) and Grubhub's motion for leave to file a brief (doc. #[135]) opposing plaintiff's "agreed" motion (doc. #[133]) demonstrate that (1) plaintiff's motion is not in fact "agreed," (2) that Grubhub opposes that motion, and (3) that by indicating that it "was not consulted with respect to this motion or the proposed stipulation with ATT" (doc. #[135]), Grubhub has confirmed that it and plaintiff have not conferred at all regarding plaintiff's motion. The "agreed" (but not agreed) plaintiff's motion (doc. #[133]) and the Grubhub motion to file a brief in response to it (doc. #[135]) are both denied without prejudice. The Court wants to remind the parties' politely that Local Rule 37.2 applies to discovery motions and requires certification of in−person or telephone conferences before discovery motions are to be filed. The Court kindly requests that counsel pick up the telephone and call each other and not rely on emails or phone messages and then being satisfied when a call is not returned before filing these kinds of motions or asking to spend client resources on filing briefs before even attempting to resolve a dispute by agreement. No one is required to agree, but the rule requires at least a good−faith attempt and a certification of that attempt. The rule permits the movant to certify that attempts to conduct a conference were unsuccessful through no fault of movant's counsel. Not returning counsel's phone calls or messages to set up a discovery conference is, of course, sharp practice, and the Court has every confidence that neither party in this case will not engage in sharp practice. Mailed notice. (jj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.